[No. 24128. Department Two. January 31, 1933.]

A. D. McArthur, *Appellant*, v. The Department of Labor and Industries, *Respondent*.[1]

*Phil K. Eaton*, for appellant.

*John H. Dunbar, Attorney General*, and *Harry Ellsworth Foster, Assistant*, for respondent.

Tolman, J.—From the record before us, including certain stipulated facts, it appears that the appellant herein (an injured workman) was, on May 23, 1925, paid an award for a partial disability of twenty-six and two-thirds degrees amounting to eight hundred dollars. His claim was then closed, and so remained for a considerable period of time.

Thereafter, on his application, the case was reopened by the department, and on November 2, 1931, he was given an additional award of seventeen and one-third degrees. From that order, he appealed to the joint board, where testimony was taken, and on

[1]Reported in 18 P. (2d) 835.

February 1, 1932, that tribunal reversed the department order of November 2, 1931, and directed that the appellant be classified as a temporary total disability.

From the order of the joint board, an appeal by the workman was taken to the superior court. The proceedings in the superior court resulted in a judgment, entered on March 18, 1932, which *inter alia* recited:

"That the order of the Joint Board classifying claimant as a temporary total disability be, and it is hereby, reversed, and set aside, and defendant be, and it is hereby, ordered to reclassify the plaintiff as a permanent total disability, . . . "

Nothing further appears in the record as having occurred until June 22, 1932, when appellant filed an affidavit in the superior court, the body of which is as follows:

"A. D. MCARTHUR, being first duly sworn, on oath says: That he is the plaintiff in the above-entitled action; that after the judgment was entered herein the defendant, department of labor and industries, ordered him placed upon a pension, classified as a total permanent disability, and has been paying him at the rate of $53 per month since said time. That his condition of total permanent disability still exists, and there has been no change in his condition, nor in the amount to which he is entitled except that one of his children, namely Allan, became sixteen years old the 18th of June, 1932."

On that showing, he obtained a show cause order directed to the department, requiring it to appear at a time and place certain and "then and there to show cause, if any it has, why it should not perform the judgment of this court." A hearing was had, testimony was taken, and after argument by counsel, an order was entered by the court which found and directed:

"That the defendant herein made an order in this proceeding on the 6th day of April, deducting from the

pension reserve the sum of $1,320, representing the previous award to the plaintiff for permanent partial disability herein as a result of which the monthly pension of the plaintiff was reduced seven dollars per month; that the plaintiff did not seek to review that order within sixty days; that this court is, therefore, without jurisdiction, and it is therefore,

"ORDERED, ADJUDGED AND DECREED, that the order to show cause heretofore issued herein on the 22nd day of June, 1932, be, and the same hereby is dissolved and for naught held."

From that order, the present appeal to this court was taken.

■ The appellant seems to rely upon the case of *Arnold v. Department of Labor and Industries,* 168 Wash. 300, 11 P. (2d) 825, decided May 26, 1932, and argues that the rule of that case is decisive and controlling here.

We see some difference in facts between the two cases, but do not feel privileged to discuss or decide that question upon the record here presented.

The original judgment of the superior court set aside the temporary total disability order and directed the department to classify the appellant as a permanent total disability, and nothing more. This judgment was fully executed and performed when the department so classified the appellant. When the department went further and made certain deductions from the pension reserve, it was dealing with a question which had never been presented to or passed upon by the superior court, and it would seem that the only proper and orderly way in which that question could be brought before the court would be by appeal or appeals as provided by the statute—probably, first to the joint board and if there unsuccessful, then to the superior court.

The matter of deductions was a new and wholly un-

litigated question which came into being after the hearing in the superior court, after rendition of its judgment, and we think after the performance of that judgment. Hence, the order of the board in making deductions was its first ruling in that matter, and we think subject to review only as the statute provides. But, in any event, and if the superior court had any power under the guise of directing the execution of its judgment, which we very seriously doubt, then prompt application should have been made to it before the time for appeal expired.

Finding no error, the judgment is affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.