[No. 24856. Department Two. March 28, 1934.]

JOHN POWERS, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assistant*, for appellant.

*Robert B. Abel*, for respondent.

GERAGHTY, J.—John Powers, claiming to have sustained an injury on June 10, 1931, while engaged in extrahazardous employment, filed a claim for compensation with the department of labor and industries. The supervisor of industrial insurance, after investigation by the department, rejected the claim, "upon the ground that there is not sufficient proof of an accident in the course of employment." Claimant appealed to the joint board for a rehearing, which was granted. Upon the rehearing, the prior order rejecting the claim was sustained. Claimant thereupon appealed to the superior court of Pierce county. Upon

[1]Reported in 30 P. (2d) 983.

the subsequent trial, the superior court reversed the order of the joint board, and entered the following judgment:

"That the decision of the joint board of the department of labor and industries made and entered in the proceedings upon the claim of John Powers, being No. 594825 of the department of labor and industries, be and the same is hereby reversed, and the claim remanded to the department of labor and industries for the state of Washington to rate the claimant and appellant, John Powers, for disability compensation for the injury received on June 10th, 1931, as totally disabled for a period of twelve days following the accident on June 10th, 1931, and thereafter as a permanent partial disability to the knee of the claimant and appellant, John Powers. . . ."

It will be seen that the judgment not only reversed the joint board upon the issue involved on the appeal —whether claimant had sustained an accident in the course of employment—but went further, and gave the department directions as to claimant's rating. We call attention to this fact in passing merely, because the department accepted the judgment and proceeded to execute it in accordance with its terms.

Upon the return of the claim, the department caused a medical examination of claimant to be made. The medical adviser for the department reported that claimant suffered from preexisting arthritis due to a former injury, saying:

"Were it not for this preexisting arthritis due to the former injury and his generalized systemic condition, time loss necessitated by the strain of June 10, 1931 would not have extended beyond twelve days and PPD due to the accident would not be in excess of four (4) degrees. I recommend payment of four degrees; time loss to remain as paid."

Adopting this recommendation, the department allowed claimant twelve days time loss for total disability, and gave him a permanent partial disability rating of four degrees, or one hundred twenty dollars.

The claimant was not satisfied with this rating. He did not, however, appeal therefrom to the joint board in the manner provided by the compensation act, but, instead, filed a petition with the trial court, alleging that the department had failed to rate and pay him pursuant to the judgment, and had failed to allow him as and for a permanent partial disability to his knee; and procured an order directing the department to show cause why the judgment should not be satisfied and the claimant rated according to its terms. Following a hearing upon the show cause order, the court entered an order directing the department to forthwith proceed to re-rate claimant for his injury, "without taking into consideration any preexisting arthritis due to any former injury." The department appeals from this order.

Appellant argues that it complied with the terms of the original judgment by allowing respondent the twelve days time loss for total disability and the permanent partial disability rating given him, and that, if respondent was not satisfied with the rating, his remedy lay in an appeal to the joint board in the first instance, and thereafter to the superior court. We are disposed to agree with this view. Other than that the respondent be allowed a time loss of twelve days, no specific direction was given the appellant. It was directed to rate respondent for a permanent partial disability to the knee. Presumably, this rating was to be determined after an investigation and in accordance with the terms of the statute. Subdivision (1) of § 7679, Rem. Rev. Stat., provides:

"If it be determined by the department of labor and industries that an injured workman had, at the time of his injury, a preexisting disease and that such disease delays or prevents complete recovery from such injury the said department shall ascertain, as nearly as possible, the period over which the injury would have caused disability were it not for the diseased condition and/or the extent of permanent partial disability which the injury would have caused were it not for the disease, and award compensation only therefor."

Under the terms of the statute, the department, in fixing the rate of permanent partial disability, was required to take into account the preexisting arthritis due to a former injury, and we think the order of the trial court directing the re-rating of respondent without taking into account this preexisting condition was in excess of its power.

We are of the opinion that the original judgment should be read as requiring no more than that the department entertain respondent's claim and award him such compensation as he was found entitled to on account of his injury. The department complied with this direction, and if respondent was not satisfied with the result, his remedy was by an appeal. This view is in harmony with *Cole v. Department of Labor and Industries,* 137 Wash. 538, 243 Pac. 7, and *McArthur v. Department of Labor and Industries,* 171 Wash. 533, 18 P. (2d) 835.

"The original judgment of the superior court set aside the temporary total disability order and directed the department to classify the appellant as a permanent total disability, and nothing more. This judgment was fully executed and performed when the department so classified the appellant. When the department went further and made certain deductions from the pension reserve, it was dealing with a question which had never been presented to or passed upon

by the superior court, and it would seem that the only proper and orderly way in which that question could be brought before the court would be by appeal or appeals as provided by the statute—probably, first to the joint board and if there unsuccessful, then to the superior court." *McArthur v. Department of Labor and Industries,* 171 Wash. 533, 18 P. (2d) 835.

"It seems to us, the lawful inquiry, upon review in the superior court, is only with reference to a question or questions which have been actually decided by the department. When the department decided that Cole was not injured as the result of a fortuitous event, and that, therefore, he had no right whatever to compensation, it manifestly made no decision on the question of proper classification or degree of any injuries suffered by him. Indeed, the department then had no occasion to decide any such questions. For the superior court to entertain those questions and determine the amount of compensation, as it did in this case, was to assume original jurisdiction over a subject within the exclusive original jurisdiction of the department. . . . We conclude that the judgment of the superior court must be reversed, in so far as it assumes to adjudicate the classification and degree of Cole's injuries and fix the amount to be awarded to him. It is so ordered." *Cole v. Department of Labor and Industries,* 137 Wash. 538, 243 Pac. 7.

The order appealed from will be reversed.

BEALS, C. J., TOLMAN, MILLARD, and BLAKE, JJ., concur.