[No. 25919. *En Banc.* October 28, 1936.]

L. H. WOODARD, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Edgar P. Reid* and *Imus & Imus,* for respondent.

BEALS, J.—Respondent, L. H. Woodard, while within the protection of the workmen's compensation act, suffered an injury, for which, in his opinion, he was entitled to receive compensation, and he accordingly filed a claim with the department of labor and industries, asking for appropriate relief. August 28, 1933, the supervisor denied the claim,

" . . . for the reason that there is no proof of an accident in the course of employment and no proof

[1]Reported in 61 P. (2d) 1003.

that the hernia was sustained during the course of employment as alleged."

Mr. Woodard requested and received a rehearing before the joint board, which, under date March 12, 1934, ordered

" . . . that the action of the supervisor in rejecting the claim be reversed, with instructions to reopen and award claimant such relief as he may be entitled to."

Mr. Woodard and his attorney were both notified by letter of the fact that the joint board had reversed the action of the supervisor in rejecting the claim and had directed that Mr. Woodard be awarded such relief as he might be entitled to receive. During the month of April, the claimant, at the instance of the department, was operated on in an attempt to cure the hernia from which he was suffering.

June 18, 1934, the supervisor of industrial insurance again closed Mr. Woodard's claim, after allowing him compensation for temporary total disability for the two months following the operation. Within thirty days from the entry of this order, claimant appealed to the superior court, reciting in his notice of appeal that the same was prosecuted from the order of the joint board "dated the 18th day of June, 1934."

The department contended before the superior court, and contends here, that the superior court obtained no jurisdiction, as, if claimant attempted to appeal from the order of the joint board entered March 12, 1934, the appeal was too late, and if the appeal was taken, as recited therein, from the supervisor's order of June 18, 1934, the appeal should have been to the joint board, by way of an application for a rehearing, and not to the superior court. The superior court entertained the appeal and entered judgment remanding the

case to the department, directing the joint board to determine the amount of time loss, if any, due claimant from the date of his injury to the date of his operation. From this judgment, the department has appealed.

■ Respondent has filed a memorandum of authorities and participated in the oral argument, but has filed no brief. Respondent apparently contends that, on his appeal, the joint board should have determined the amount of compensation to which he was entitled. In this connection, it must be remembered that the questions to be decided by the joint board are not determined by the allegations set forth in the petition for rehearing, but are fixed by the order which is sought to be reviewed. The supervisor had rejected the claim upon the ground that there was no proof that claimant had suffered an injury in the course of his employment. After the rehearing, the joint board held with claimant, and directed that the claim be reopened and an appropriate award made. Upon the record before it, this was as far as the joint board could be called upon to go.

Rem. Rev. Stat., § 7697 [P. C. § 3488], provides that any claimant deeming himself aggrieved by an order of the supervisor may have the order reviewed by the joint board. Manifestly, it is not the intent of the statute that the joint board assume the administration of the act. While the section of the act above referred to requires that the application to the joint board for rehearing must set forth in detail the grounds upon which the claimant bases his conclusion that the order was unjust or unlawful, this does not mean that questions beyond the scope of the order under review should be considered and determined. In the case at bar, the issue before the joint board was whether or not claimant had suffered an accident in the course of his employment, not what relief should be accorded

claimant in case the board found that he was entitled to benefits under the act.

Respondent contends that, because the order of the joint board was not definite and final, as to any award to be made in his favor, the conduct of the department had the effect of lulling him into a feeling of security, and that his time to appeal to the superior court from the order of the board did not commence to run until the entry of the supervisor's order closing the claim. There is no foundation for any such contention on the part of the respondent here. He was not aggrieved by the decision of the joint board, because the same was in his favor, and he had no basis for an appeal to any authority until the entry of the supervisor's order closing his claim. The order of the joint board was adequate and proper in form, and remanded the case to the supervisor for further proceedings. The order of the joint board was not interlocutory, but was conclusive and placed the matter properly again before the supervisor.

Rem. Rev. Stat., § 7697 [P. C. § 3488], provides:

"Any claimant, . . . aggrieved by any . . . order, decision, or award must, *before he appeals to the courts,* serve upon the director of labor and industries, . . . an application for rehearing before the joint board . . ." (Italics ours.)

Under this section, if respondent felt aggrieved at the supervisor's order closing his claim, he should have sought a rehearing before the joint board.

In the case of *Powers v. Department of Labor & Industries,* 177 Wash. 21, 30 P. (2d) 983, it was held that, although a rehearing had been had before the joint board, based upon an order entered by the supervisor, the claimant was required to again petition the joint board for a rehearing upon a subsequent ruling of the supervisor made after the issues had again been

passed on by the supervisor, and that, in the absence of such an application to the joint board, the superior court lacked jurisdiction to entertain an appeal.

We have repeatedly held that the jurisdiction of the superior court to review orders entered by different departmental agencies is vested only in the manner specified by law. *Maddox v. Industrial Ins. Commission*, 113 Wash. 137, 193 Pac. 231; *Maddox v. Industrial Ins. Commission*, 119 Wash. 21, 204 Pac. 1057; *Cole v. Department of Labor & Industries*, 137 Wash. 538, 243 Pac. 7.

In the case at bar, respondent having appealed directly to the superior court from an order entered by the supervisor, and not having followed the statutory procedure, the superior court was without jurisdiction to entertain the appeal. The judgment is accordingly reversed, with instructions to the superior court to dismiss the appeal.

MAIN, MITCHELL, TOLMAN, STEINERT, GERAGHTY, and BLAKE, JJ., concur.

MILLARD, C. J., and HOLCOMB, J., dissent.