[No. 26623. *En Banc.* September 16, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Ray Crabb, Plaintiff,* v. JAY OLINGER, *as Supervisor of Industrial Insurance, et al., Respondents.*[1]

*John Geisness,* for relator.

*The Attorney General, J. A. Kavaney, Assistant, Todd, Holman & Sprague,* and *Lowell P. Mickelwait,* for respondents.

[1]Reported in 71 P. (2d) 545.

GERAGHTY, J.—This is an original application in this court for a writ of mandate directed to the supervisor of industrial insurance, requiring him, forthwith, to transmit proper vouchers to the state auditor authorizing the issue of warrants in payment of the compensation, in the total sum of $2,235, alleged to have been awarded to the relator by a previous order of the supervisor.

December 19, 1932, the relator, while engaged in extrahazardous employment, sustained an accidental injury. He reported the accident and made application to the department of labor and industries for compensation. He described the injury as a sprain of the right ankle. No mention was made in the report of the accident, or in his claim, of any other injury.

The claim was recognized and compensation awarded. Subsequently, and after more than the year had elapsed within which claims may be filed under the act, relator made application to the department for further compensation, claiming an injury to his neck as the result of the accident. On the disallowance of his claim by the department, he appealed to the superior court and, from an adverse decision, to this court. The lower court was reversed, and the department ordered to recognize relator's claim for the neck injury and to award such compensation as should be found proper. The case is reported in 186 Wash. 505, 58 P. (2d) 1025.

Thereafter, the supervisor made an order reopening the claim and, on February 2, 1937, informed the claimant, as well as the Washington Pulp and Paper Corporation, his employer, that a lump sum settlement had been ordered, including time loss and compensation for permanent partial disability, totaling altogether $2,235.

The supervisor of industrial insurance made return

to the application for the writ, admitting the foregoing facts, but setting out affirmatively that, after the acceptance of jurisdiction of the claim and the institution of the necessary investigation to determine its merits, the employer, Washington Pulp and Paper Company, named as party respondent with the supervisor in this action, protested the making of any allowance to the claimant; that, after investigation by the supervisor's office, the order of February 2, 1937, was made; that the employer filed its petition for rehearing upon this order before the joint board; that, on March 1, 1937, the joint board granted a rehearing on the employer's application; and that the present state of the record in the relator's claim is that of a hearing pending before the joint board of the department of labor and industries.

█ The first contention of the relator is that, even if an employer had the right, under the compensation act, to apply for a rehearing before the joint board, the rehearing did not stay the order of the supervisor. This contention is grounded upon language contained in Rem. Rev. Stat., § 7697 [P. C. § 3488], regulating court review of departmental orders.

This section provides that any claimant, employer, or other person aggrieved by any order of the department of labor and industries must, before appealing to the courts, apply to the joint board of the department for a rehearing. It is provided that, within thirty days after the determination of the joint board has been communicated to the applicant, an appeal may be taken from an adverse ruling to the superior court. After providing how the case shall be heard on appeal by the superior court, § 7697 continues:

"No bond shall be required on such appeal or on appeals to the supreme court, except that an appeal by the employer from a decision of the department

under section 7683 shall be ineffectual unless, within five days following the service of notice thereof, a bond, with surety satisfactory to the court, shall be filed, conditioned to perform the judgment of the court. Except in the case last named an appeal shall not be a stay. . . ."

It is apparent that the provision denying a stay on appeal has relation to appeals from orders of the joint board to the superior and supreme courts, and not to rehearings before the joint board upon departmental orders made by the supervisor of industrial insurance. We are not here concerned with appeals under § 7683 [P. C. § 3477], referred to above.

■ Relator's next contention is that an application. by an employer for a rehearing before the joint board from an order of the supervisor is not authorized by the statute.

Rem. Rev. Stat., § 10837 [P. C. § 4-79], being part of the administrative code, provides:

"The director of labor and industries, the supervisor of industrial insurance, and the supervisor of safety shall have the power, and it shall be their duty, to jointly hear and decide, by a majority vote, all matters arising in either the division of industrial insurance or the division of safety, which the director of labor and industries, or the supervisor of industrial insurance or the supervisor of safety, respectively, shall deem to be of sufficient importance to require their joint action, and to hear and decide, by a majority vote, *any matter concerning which any person affected by the decision of either the supervisor of industrial insurance or the supervisor of safety shall, by request in writing, ask for a joint decision: . . .*" (Italics ours.)

Apart from the broad language of § 10837, the workmen's compensation act itself recognizes the employer's interest in the pending claim of one of his employees for compensation, and his right to challenge an order

of the supervisor by an application to the board for rehearing. The employer is, of course, vitally interested, because he is a contributor to the fund out of which claims are paid, and his assessments to sustain the fund are materially affected by the allowance of compensation to any of his employees.

Rem. Rev. Stat., § 7689 [P. C. § 3482], makes it the initial duty of any workman sustaining an accident to forthwith report it to his employer, and the duty is, in turn, imposed upon the employer to report to the department. Section 7697 provides that, when the department has made any order, decision or award, it shall promptly serve the *claimant, employer or other person affected thereby* with a copy by mail, and that *any claimant, employer* or *other person aggrieved* by such order, decision or award, must, before appealing to the courts, make application for rehearing before the joint board within sixty days from the day on which a copy of the order is communicated to him.

█ When a rehearing before the joint board is granted either under Rem. Rev. Stat., § 10837, or Rem. Rev. Stat., § 7697, it necessarily suspends the order appealed from and stays further action pending a decision by the joint board.

█ It is urged by the relator that the application of the employer for a rehearing was not made in time.

This contention is based upon the fact that, prior to the order of February 2, 1937, and on December 21, 1936, the supervisor of industrial insurance made an order reopening the claim, effective as of January 15, 1934, for payment of time loss and compensation to December 1, 1935, inclusive, and permanent partial disability to be rated by a commission. We think this was not in the nature of a final disposition of the claim by the supervisor, because there remained to be

determined the extent of the claimant's permanent partial disability before his total compensation could be determined. The claim was not fully adjudicated, in so far as the supervisor was concerned, until the order of February 2, 1937. This was the order on which the application for rehearing was based. As respects this order, the application for rehearing was timely.

Under the broad revisory powers reposed in the joint board by §§ 7697 and 10837, it may, so long as the claim is still pending before the department, order a rehearing upon its own motion, or upon the suggestion of the supervisor or the application of the employer. The claim was still pending in the department when the rehearing was ordered, because the final steps necessary to have payment made out of the industrial accident fund had not been taken.

"It is apparent from the language of these statutes that it was intended that the department and its officers should have a latitude of discretion commensurate with the duties enjoined upon them, to the end that all claims should be fully and fairly considered, and that the rights of claimants and at the same time the rights of those who are interested and concerned in the integrity and proper application and disbursement of the accident fund, may be fully protected." *Baker v. Department of Labor & Industries,* 181 Wash. 85, 42 P. (2d) 13.

The writ is denied.

ALL CONCUR.