[No. 26514. *En Banc.* December 8, 1937.]

HEDWIG ALBRECHT, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Defendant,* LAKE UNION
DRY DOCK AND MACHINE WORKS,
*Appellant.*[1]

*Wright, Jones & Bronson* and *Story Birdseye,* for
appellant.

*William W. Ward (Stratton & Foster,* of counsel),
for respondent.

*Kenneth Durham* and *Vanderveer & Bassett, amici
curiae.*

[1]Reported in 74 P. (2d) 22.

MILLARD, J.—J. Albrecht died on February 27, 1935, while employed by appellant in an extrahazardous occupation. The claim of Hedwig Albrecht, widow of J. Albrecht, for a pension was denied by the supervisor of industrial insurance of the department of labor and industries on the ground that the death of the claimant's husband was not due to causes in any way connected with his work.

Within the time required by the statute, the claimant applied to the joint board of the department for a rehearing, which application was granted. Due notice as to the rehearing, which was had June 11, 1935, was given to all interested parties, including the employer of the deceased. The employer did not enter an appearance in connection with the rehearing. However, two attorneys associated with the law firm representing the employer of the deceased attended the hearing, but did not offer any testimony on behalf of their client, nor did they cross-examine any of the witnesses at the rehearing nor ask for a continuance of the rehearing. As a result of the rehearing, the joint board, on July 22, 1935, ordered "that the supervisor be reversed, with instructions to allow the widow's claim for pension."

Not being aggrieved until the joint board reversed the order of the supervisor, the employer was in a quandary as to the course it should take to obtain court review of the joint board's order, in view of the restriction by the statute of the right of appeal to those who, aggrieved by the supervisor's order, decision or award,

" . . . before he appeals to the courts, serve upon the director of labor and industries, . . . an application for rehearing before the joint board of said department . . ."

In its dilemma, the employer sought the advice of the department. Following the advice given to it by the department, the employer petitioned the joint board on August 20, 1935, for a rehearing preparatory to prosecution of an appeal to the superior court. Over objection of Mrs. Albrecht, the pension claimant, the employer's application was granted by the joint board. Another hearing was had, at which additional witnesses were called and all parties were represented. On January 20, 1936, the joint board entered an order sustaining its previous ruling that the pension be paid.

On February 18, 1936, the employer appealed to the superior court for King county from this last order (January 20, 1936) of the joint board. The department of labor and industries appeared in the superior court and caused a complete transcript of the record in the case to be filed. Hedwig Albrecht, the claimant for widow's pension, entered a special appearance and moved that the appeal of the employer be dismissed, as the appeal by the employer was not within the prescribed statutory period of thirty days after notice of the award of July 22, 1935. The motion to dismiss the appeal was granted, and judgment of dismissal was entered. The Lake Union Dry Dock and Machine Works appealed from that judgment.

The only question presented by this appeal, counsel for appellant argue, is whether appellant acted correctly in applying to the joint board for a rehearing before appealing to the superior court.

Appellant contends that it was aggrieved for the first time as a result of the rehearing before the joint board on the application of the respondent; and, as appellant had never applied for a rehearing before the joint board, it correctly concluded that an appeal to the superior court could not be perfected, in view of the statutory condition precedent to such an appeal,

unless appellant applied to the joint board for a rehearing. The pertinent portion of the applicable statute reads as follows:

"Whenever the department of labor and industries has made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. Any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award was communicated to the applicant, an application for rehearing before the joint board of said department, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety. Such application shall set forth in full detail the grounds upon which the applicant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the joint board, and it must contain a detailed statement of facts upon which such claimant, employer or other person relies in support thereof. The claimant, employer or other person shall be deemed to have waived all objections or irregularities concerning the matter on which such rehearing is sought other than those specifically set forth in such application for rehearing or appearing in the records of the department. . . .

"Within thirty days after the final order of the joint board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the superior court of the county of his residence, but upon such appeal may raise only such issues of law or fact as were properly included in his application for rehearing, or in the complete record in the department . . ." Rem. Rev. Stat., § 7697 [P. C. § 3488].

 . It is patent that, before one may appeal to the courts, he must be a person aggrieved by an order, decision, or award made by the supervisor, and must serve upon the director of the department an application for rehearing before the joint board of the department. That is, the right to appeal is given only to one who applied, after the supervisor made his decision, to the joint board for a rehearing. There is no provision in the statute for a rehearing before the joint board after it has made its final order upon an appeal from the supervisor.

*State ex rel. Crabb v. Olinger,* 191 Wash. 534, 71 P. (2d) 545, is cited to sustain the position of appellant that it may proceed in the manner it has. It is clear from a reading of the opinion in the case cited that that citation lends no support to the appellant. Crabb sustained an accidental injury while engaged in extrahazardous employment. His claim for compensation was granted. Subsequent to that award, he made claim on the department for further compensation because of an alleged injury to his neck as the result of the first accident. That claim was disallowed by the department. The claimant appealed to the superior court, and from an adverse decision of the superior court to this court. The trial court was reversed and the department ordered to recognize the claim of the injured man for the neck injury and to award such compensation as should be found proper. Pursuant thereto, the supervisor entered an order, February 2, 1937, reopening the claim and gave notice thereof to the claimant's employer that a lump sum settlement had been ordered. The employer protested the making of any allowance to the claimant. On March 1, 1937, the employer filed its petition with the joint board for rehearing on the supervisor's order of February 2, 1937. We said:

" . . . the joint board granted a rehearing on the employer's application; and that the present state of the record in the relator's claim is that of a hearing pending before the joint board of the department of labor and industries. . . .

"The claim was not fully adjudicated, in so far as the supervisor was concerned, until the order of February 2, 1937. This was the order on which the application for rehearing was based. As respects this order, the application for rehearing was timely." *State ex rel. Crabb v. Olinger,* 191 Wash. 534, 71 P. (2d) 545.

The employer in the case cited proceeded in conformity to the statute.

The right of appeal is purely statutory, and is subject to all of the limitations and restrictions imposed by the statutes which define the right. The statute provides that any claimant, employer, or other person who is aggrieved by any order, decision, or award made in the first finding of the department of labor and industries—that of the supervisor who makes the first findings, orders, and awards for the department—must, as a condition precedent to his appeal to the court, first appeal to the joint board; that is, the joint board is the appellate tribunal of the department of labor and industries. In that tribunal is heard the appeal of those aggrieved by any order, decision, or award made by the supervisor.

There is no provision in the statute authorizing an appeal to the joint board after it has made its final order upon an appeal from the supervisor; when the joint board hears an appeal on the question presented and makes a final order on the merits of the case, that case is closed. The only remedy of one aggrieved by that order is an appeal to the superior court.

"The application was for a rehearing upon the merits of his original claim to enable him to introduce new and additional evidence. No provision is made in the statute for a rehearing before the joint board after it

has made its final order upon an appeal from the supervisor. The remedy of the claimant under § 7697 is an appeal to the superior court within thirty days.

"In *Gross v. Department of Labor and Industries*, 177 Wash. 675, 33 P. (2d) 376, we said:

" 'A complete scheme of procedure is prescribed by the workmen's compensation act and, as the act contains no provision for a new trial on the ground of newly discovered evidence, a motion for such relief can not be entertained. Under the provisions of the act (Rem. Rev. Stat., § 7697), on appeal from an order of the department to the superior court, the claimant must rest on the record made before the joint board; the claimant may not be permitted to offer, and the court may not receive, in support of the claimant's appeal, evidence or testimony other than that offered before the joint board.'

"While what was said there had immediate relation to procedure in the superior court upon appeal from the joint board, the principle announced is equally applicable to appeals heard before the joint board from orders of the supervisor." *Strmich v. Department of Labor & Industries*, 182 Wash. 466, 47 P. (2d) 990.

The appellant was given due notice as to the rehearing, and, although it refused to participate in that rehearing, two of its attorneys were present. In other words, the notice to which appellant was entitled under the statute was given to it. It was present at the hearing before the joint board, a quasi-judicial tribunal. It was afforded an opportunity to appear before that appellate tribunal of the department, and was there offered an opportunity to be heard. From *that* final order, no appeal was taken.

The appellant was afforded the notice and hearing to which it was entitled under the statute. The statute (Rem. Rev. Stat., § 7697) does not, the department did not, disregard any procedural rules requisite to due

process. We do not find within the statute (Rem. Rev. Stat., § 7697) which defines the right to appeal from the order, decision, or award of the department, any provision under which the appellant, *on the facts before us,* is entitled to prosecute an appeal to the superior court.

*Maddox v. Industrial Ins. Commission,* 113 Wash. 137, 193 Pac. 231; *Maddox v. Industrial Ins. Commission,* 119 Wash. 21, 204 Pac. 1057; *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7; *Powers v. Department of Labor & Industries,* 177 Wash. 21, 30 P. (2d) 983; *Woodard v. Department of Labor & Industries,* 188 Wash. 93, 61 P. (2d) 1003, simply hold that a question can not be presented on appeal to the superior court unless it has first been submitted to the joint board. It is true that there may be successive rehearings before the joint board, but not on the same question. Where there is a second rehearing before the joint board, it is on an entirely different question—not on a question previously presented.

The department did not correctly advise appellant respecting procedure to follow to perfect an appeal. The construction placed by the department upon the statute (Rem. Rev. Stat., § 7697) is contrary to its plain terms and meaning. While, of course, where there is ambiguity in meaning, an administrative construction of a statute and practice under it will be accorded great weight, where the meaning of the statute is plain and restricts the right of appeal as unequivocally as it does in the case at bar, we will construe the statute according to its true intent, notwithstanding a contrary construction made or practice indulged in by executive or administrative officers.

*State ex rel. George v. Seattle,* 184 Wash. 560, 52 P. (2d) 360.

The judgment is affirmed.

STEINERT, C. J., HOLCOMB, ROBINSON, and SIMPSON, JJ., concur.

GERAGHTY, J., concurs in the result.

BLAKE, J. (concurring in the result)—I concur in the result, for the reason that the industrial insurance act affords the employer no right of appeal to the courts from orders awarding compensation to workmen. Recognition of such a right of appeal, as is necessarily implied in the majority opinion, is subversive of the fundamental principle of compulsory industrial insurance, as declared in § 1, chapter 74, Laws of 1911, p. 345 (Rem. Rev. Stat., § 7673 [P. C. § 3468]):

"The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. . . . The remedy of the workman has been uncertain, slow and inadequate. . . . The state of Washington, therefore, exercising herein its police and sovereign power, *declares that all phases of the premises are withdrawn from private controversy,* . . . *and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided.*" (Italics mine.)

If the employer is allowed the right of appeal from orders allowing compensation to workmen, the courts will assume a jurisdiction abolished by the act, and the remedy of workmen will be again the subject of private controversy with the employer as respects the extent of injury and amount of compensation. The inevitable consequence will be that the "remedy of

the workman" will become as *"uncertain, slow and inadequate"* as it was at common law.

MAIN, J. (dissenting)—It is my opinion that Rem. Rev. Stat., § 7697 [P. C. § 3488], when properly construed, requires a petition for rehearing to be presented to the joint board of the department of labor and industries as a condition precedent to the right to appeal to the superior court. As I view it, the construction heretofore given the statute by the department is correct.

I therefore dissent.

BEALS, J., concurs with MAIN, J.