[No. 26770. Department One. February 16, 1938.]

WILLIAM T. ROYSE, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 76 P. (2d) 318.

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Elton B. Jones,* for respondent.

HOLCOMB, J.—This action was tried in the lower court without a jury in order to compel the joint board of the department of labor and industries to grant a rehearing to claimant. From the order entered by the trial court, on June 25, 1937, directing the joint board of the department to grant a rehearing to claimant, the state appeals.

Respondent filed his claim on November 21, 1936, with the department covering an accident alleged to have occurred on October 18, 1936. The claimant, a glue mixer, in the employ of Elliott Bay Mill Co. of Seattle, asserted that he suffered a right and left inguinal hernia while rolling a barrel of silicate. On December 31, 1936, the supervisor of industrial insurance advised respondent that his claim had been rejected because claimant's condition was not the result of an industrial injury as defined by the workmen's compensation act, but due to a congenital hernia.

On January 5, 1937, respondent's employer advised the department that claimant's injury was not of long standing, that respondent could not have had this injury during the four years he had been in its employ and still have done the work to which he was assigned; and that his condition was occasioned by a severe strain while claimant was at work.

On January 8, 1937, the department reopened respondent's claim for further investigation. Thereafter, on February 2, 1937, by written order and notice, appellant notified claimant that his claim had been rejected. Respondent, on February 15, 1937, feeling aggrieved by the rejection of his claim, wrote the following letter to the department:

490

"Seattle, Washington
February 15, 1937
"State Department of Labor and Industries,
Olympia, Washington.
"Dear Sir:
"In October, 1936, I was operated on for bilateral
herniaotomy by Dr. Grandy, Seattle, Washington.
Since that time I have.................... unable to work until
February 1, 1937.

"To date I have not received a check from your
department for time lost and would appreciate same as
soon as possible. Since that time I was shown some re-
jection papers by one of your representatives, said
rejection papers being based upon an erroneous report
by my attending physician.

"I wish to call you...... attention to the fact that I was
examined by Dr. A. B. DeFreece, Stimson Building,
Seattle, Washington, in December, 1935, and he did
not report any evidence of a hernial condition.

"Very truly yours,
" (Signed) Wm. T. Royse
"620½ 4th Ave."

Appellant acknowledged receipt of this letter and
advised respondent that on December 31, 1936, the
department had advised him that his claim was re-
jected because his condition was not the result of an
injury as defined by the workmen's compensation act,
but due to a congenital hernia and a preexisting con-
dition, and therefore the department was continuing
to recognize the claim as rejected.

On April 13, 1937, counsel for respondent corre-
sponded with the department and referred to the letter
of February 15, 1937, and requested that the claim be
reconsidered. He stated further that this letter had,
apparently, never been considered by the joint board
and requested that he be advised whether the board
had considered this claim and what decision it had
reached. Counsel's letter was referred to in a subse-
quent communication by the department to respond-

ent, bearing date April 19, 1937, in which the action taken by the department with respect to this claim was summarized, and the department confirmed its rejection of the claim.

■ Appellant contends the trial court erred in entering finding of fact numbered four, which recites:

"That the plaintiff, on February 15, 1937, deeming himself aggrieved by the rejection of his claim on February 2, 1937, by the defendant, thereafter applied to the joint board of said department for a rehearing on his claim and served said application by mail on the director of the defendant department. That the joint board, failed to act upon said application within thirty (30) days and on April 16, 1937, the plaintiff appealed to this court."

Rem. Rev. Stat., § 7697 [P. C. § 3488], provides:

". . . Any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award was communicated to the applicant, an application for rehearing before the joint board of said department, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety. Such application shall set forth in full detail the grounds upon which the applicant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the joint board, and it must contain a detailed statement of facts upon which such claimant, employer or other person relies in support thereof. . . ."

Under this statute, it is incumbent upon a claimant aggrieved by any order of the department of labor and industries, before appealing to the courts, to serve upon the director of the department an application for rehearing before the joint board within sixty days from the day on which such order was communicated

to the claimant. Such application is to set forth in detail the grounds upon which the applicant considers the order unjust or unlawful and shall contain all issues to be considered by the joint board.

In the letter of claimant adressed to the department, bearing date of February 15, 1937, the fact that claimant underwent an operation for a bilateral herniaotomy, his inability to work until a certain date, the failure of the department to send a check for lost time and an expression that claimant was desirous of receiving a check, the fact that rejection papers had been exhibited by a representative of the department, that such rejection papers were based upon an erroneous report by an attending physician, and that in December, 1935, a certain physician examined claimant and did not report any evidence of a hernial condition, were set forth.

We are satisfied that, although this letter was communicated to the department and not to the director of labor and industries, this in itself does not defeat claimant's right to a rehearing before the joint board.

Our attention is directed to a number of cases to the effect that a decision of the joint board must be appealed from within thirty days. These cases are not apposite to the case at bar, because the fundamental question to be determined is whether an application was made for a rehearing before the joint board pursuant to Rem. Rev. Stat., § 7697.

We find, however, no reference to, or application for, a rehearing before the joint board of the department, either express or implied, in the letter of respondent to the department dated February 15, 1937. Hence, finding of fact numbered four is manifestly erroneous.

It is also contended that the trial court erred in entering conclusion of law, numbered two, directing the

joint board of the department to grant a rehearing to the claimant.

Since the sixty-day period prescribed by statute in which to appeal from the order of the supervisor and to apply for a rehearing before the joint board, has expired, respondent is not entitled to a rehearing before the joint board of the department. *Murray v. Department of Labor & Industries*, 151 Wash. 95, 275 Pac. 66; *Booth v. Department of Labor & Industries*, 189 Wash. 201, 64 P. (2d) 505; *State ex rel. Crabb v. Olinger*, 191 Wash. 534, 71 P. (2d) 545; *Albrecht v. Department of Labor & Industries*, 192 Wash. 520, 74 P. (2d) 22.

The order of the supervisor became *res adjudicata* upon the expiration of sixty days from the date on which the order rejecting the claim was communicated to the applicant.

The judgment of the trial court is therefore reversed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.