[No. 32496.  *En Banc*.  April 30, 1954.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*, v. EULA A. COOK, *Respondent*.[1]

[1]Reported in 269 P. (2d) 962.

*The Attorney General, Henry Heckendorn* and *Richard F. Broz, Assistants,* for appellant.

*Walthew, Oseran & Warner,* for respondent.

*Clarence J. Coleman* and *Thomas G. McCrea, amici curiae.*

HAMLEY, J.—The only question before us in this case is whether the department of labor and industries has the right to appeal to the superior court from an adverse decision of the board of industrial insurance appeals.

On June 20, 1949, the department paid Eula A. Cook the sum of twenty-four hundred dollars, as a lump sum settlement of a claim for permanent total disability. Nearly a year later, on May 8, 1950, Cook disputed the department's calculation of the settlement, and requested an additional three hundred dollars. The department denied his request, and Cook appealed to the board of industrial insurance appeals, hereinafter referred to as the board. After a hearing, the board entered an order sustaining claimant's contention and remanding the claim to the department, with directions to award claimant an additional three hundred dollars.

The department appealed to the superior court from this adverse decision by the board. Claimant moved to dismiss the appeal on the ground that the superior court had no jurisdiction to hear the appeal. The trial court granted the motion and dismissed the appeal. The department thereupon appealed to this court.

The jurisdiction of the superior court to review orders entered by state agencies is vested only in the manner specified by law. *Woodard v. Department of Labor & Industries,* 188 Wash. 93, 61 P. (2d) 1003. It follows that the superior court may entertain appeals from the decisions of the board only when taken by persons to whom the act has expressly, or by necessary implication, given that right.

There are three sections of the act which make reference to the persons who may take an appeal to the superior court from an adverse decision of the board. The first of these is RCW 51.52.050, the second paragraph of which reads as follows:

"Whenever the department has taken any action or made any decision relating to any phase of the administration of this title the workman, beneficiary, employer, or other person aggrieved thereby may appeal to the board and any *such* person aggrieved by the decision and order of the board may thereafter appeal to the superior court, as prescribed in this chapter." (Italics ours.)

Appellant makes no contention that the above-quoted statute confers upon the department a right to appeal to the superior court. It is plain, from the use of the word "such" in this section, that the only person who is there given a right of appeal is a workman, beneficiary, employer, or other person aggrieved by any action taken or any decision made by the department. The department could not be aggrieved by its own order, and so is not "such" person who is there given a right of appeal.

RCW 51.52.060 reads in part as follows:

"Any workman, beneficiary, employer, or other person aggrieved by an order, decision or award of the department must, *before he appeals to the courts*, file with the board and the director of labor and industries . . . a notice of appeal to the board . . ." (Italics ours.)

For the same reason as given above with regard to RCW 51.52.050, the persons referred to in RCW 51.52.060 as having a right of appeal to the courts do not include the department. Appellant does not contend otherwise.

The remaining statutory provision, and the one relied upon by appellant, is RCW 51.52.110, which reads in part as follows:

"Within thirty days after the final decision and order of the board upon such appeal has been communicated to such workman, beneficiary, employer or other person, or within thirty days after the appeal is deemed denied as herein provided, such workman, beneficiary, employer or *other person*

*aggrieved by the decision and order of the board* may appeal to the superior court. . . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director of labor and industries and on the board. The department shall, within twenty days after receipt of such notice of appeal, serve and file its notice of appearance and such appeal shall thereupon be deemed at issue. The board shall serve upon the appealing party, the director of labor and industries and any other party appearing at the board's proceeding, and file with the clerk of the court before trial, a certified copy of the board's official record . . . ." (Italics ours.)

■ It is appellant's contention that, in the event of a decision by the board adverse to the position taken by the department, the latter is the "other person aggrieved by the decision and order of the board," within the meaning of the above-quoted statute. Accordingly, it is argued, the department is, by this statutory provision, expressly given a right of appeal to the superior court.

In support of this contention, appellant first asserts that the department is a party to the board proceedings. It is then argued that the department, as a party to the proceedings before the board, is obviously aggrieved by any decision of the board adverse to the department's position. From this, it is reasoned that the department fits the description of "other person aggrieved" by the decision and order of the board.

In view of RCW 51.52.100 and .102, there can be no doubt that the department is a party to the board proceedings. Nor can it be denied that, as such party, the department is aggrieved by any adverse ruling of the board. The statute in question, however, does not use the term "other *party* aggrieved." Instead, it uses the words "workman, beneficiary, employer or other *person* aggrieved." These are the identical words which, in RCW 51.52.050 and .060, admittedly exclude the department, as noted above.

All three of these statutory sections deal with the question of who is entitled to appeal from board decisions. It is therefore difficult to see why the set of words under discussion

should be given a different meaning in one of the sections (RCW 51.52.110) than it is given in the other two (RCW 51.52.050 and .060). The result of doing so, moreover, is to produce an inconsistency between the three sections. RCW 51.52.050 and .060 purport to limit the right of appeal to persons other than the department. RCW 51.52.110 would, under appellant's construction, extend this right to the department. Since all three sections were amended in 1951 (Laws of 1951, chapter 225, §§ 5, 6 and 14), it is especially difficult to justify an interpretation which produces such a result.

But there are also other difficulties in accepting the construction proposed by appellant. The first paragraph of RCW 51.52.050 (not quoted above) begins with the words, "Whenever the department of labor and industries, hereinafter called the 'department,' has made any order . . ." Following this scheme, the word "department" is used in every section of the act (RCW 51.52.050 to .150) dealing with appeals and court procedure, except RCW 51.52.095, .102 and .106, where the term "party" is used; RCW 51.52-.090, where neither term is used; and RCW 51.52.115, .120 and .130, where both terms are used. The term "department" is used in the very section on which appellant relies (RCW 51.52.110), but in a different connection and not with reference to what persons may appeal. In the clause on which appellant relies, neither "department" nor "party" is used.

In view of the foregoing, it would appear that the legislature would have used the term "department" or "party" in the portion of RCW 51.52.110 in question, had it been intended to refer to the department. The words which are used —"other person aggrieved"—are not used elsewhere in the act to denote the department, and, as we have seen, definitely exclude the department, as used in RCW 51.52.050 and .060.

The language of RCW 51.52.110 immediately following that portion shown in italics, as quoted above, gives rise to additional difficulties in accepting appellant's theory. If the italicized language is intended to give the department a

right of appeal, why is it provided that such appeal is to be perfected by serving a copy of the notice of appeal on the director of labor and industries? It does not seem reasonable to suppose that the legislature intended that an appellant should serve a notice of appeal upon himself. Yet we have previously held that failure to comply with the statutory requirement relative to service of notice of appeal deprives the superior court of jurisdiction. *Lidke v. Brandt*, 21 Wn. (2d) 137, 150 P. (2d) 399.

The fact that the perfecting of an appeal requires that notice thereof be served upon the department rather convincingly demonstrates that the legislature did not intend to give the department itself the right to initiate an appeal. If it be assumed, contrary to the plain implications of this language, that the department was to have the right of appeal to the superior court, there would still be the problem of how it would initiate such an appeal. Would the department have to serve a notice of appeal upon itself? Upon what other parties would it be necessary to serve a notice of appeal? Would other parties be required to respond to a notice of appeal served by the department by filing an appearance within twenty days? The act is silent on all of these matters. We do not believe that it is proper for the courts to supply this legislative deficiency by devising an appeal procedure to be followed by the department.

In this connection, we do not regard RCW 51.52.140 as helpful. It is there recited that, "except as otherwise provided in this chapter, the practice in civil cases shall apply to appeals prescribed in this chapter." The quoted language has application only to court procedure after an appeal has been properly taken. There is no "practice in civil cases" bearing upon the procedure to be followed by the department in perfecting an appeal from a decision of the board.

RCW 51.52.110 contains still another provision which argues strongly against appellant's position. It is recited that, after the appeal is at issue, the board "shall serve upon *the appealing party*, the director of labor and industries," and any other party at the board's proceeding, a certified copy of the official record. (Italics ours.) Note that, here again,

the section draws a clear distinction between an "appealing party," and the director of labor and industries, who, of course, represents the department.

In support of its position, the department points out that, whereas the department obviously could not appeal from the former joint board (consisting of departmental officers) as it existed prior to the 1949 amendment creating the board of industrial insurance appeals (Laws of 1949, chapter 219, p. 714), there is no such impediment to giving the department a right of appeal from the latter board, which exists independently of the department and performs a quasi-judicial function.

This is certainly true. Moreover, there seems to be something illogical about giving the department a right to defend in the superior court those board decisions which are favorable to the department, but denying it the right to institute a court attack upon an adverse board decision. Likewise, it seems illogical to give the department, as a party to the superior court proceedings, a right of appeal to the supreme court (RCW 51.52.140), but to deny it a right of appeal to the superior court from the board of industrial insurance appeals, before which the department is also a party.

But, whether the seeming lack of logic in this situation is the product of inadvertence or intention, the fact remains that the act lacks such a provision. The court cannot read into a statute anything which it may conceive that the legislature has unintentionally left out. *Seattle Ass'n of Credit Men v. General Motors Acceptance Corp.,* 188 Wash. 635, 63 P. (2d) 359; *Maryland Cas. Co. v. Tacoma,* 199 Wash. 384, 92 P. (2d) 203.

It is entirely possible that the omission of any provision giving the department a right to appeal to the superior court was intentional on the part of the legislature, and the presumption, of course, is that it was intentional. Certain it is that when the board of industrial insurance appeals was first created in 1949, the department was at that time given no right of appeal. Section 6, chapter 219, Laws of 1949, which was codified as RCW 51.52.110, provided that "such

applicant" may appeal to the superior court. In the context in which used, "such applicant" excluded the department. RCW 51.52.110 was then amended in 1951 (Laws of 1951, chap. 225, § 14) to change, among other things, the words "such applicant" to "such workman, beneficiary, employer or other person aggrieved by the decision and order."

Hence, it was not until the 1951 amendment that the language of RCW 51.52.110 on which appellant relies found its way into the act. The independent board of industrial insurance appeals had then been in existence for two years. This demonstrates that, while creation of the new board made it possible to give the department a right of appeal, the legislature did not originally regard this as a compelling necessity. The considerations reviewed above tend to indicate that the legislature has not yet recognized such a necessity. If and when it does, it will be a simple matter for the legislature to so indicate in the act.

■ Appellant argues that, unless the term "other person aggrieved," as used in RCW 51.52.110, is taken to mean the department, those words have no meaning, since there could be no other person aggrieved. In this connection, our attention is called to the rule of statutory construction which requires that, if possible, each word, phrase, and paragraph of a statute be given a meaning. See *Murray v. Department of Labor & Industries*, 151 Wash. 95, 275 Pac. 66.

We assume, without deciding, that there can be no "other person aggrieved" unless it be the department. It may first be noted that appellant's construction will not entirely overcome the difficulty which it suggests. The same words, "or other person aggrieved," are used in RCW 51.52.050 and .060. As there used, those words patently do not include the department.

In our view, the rule of statutory construction to which appellant makes reference does not override all other considerations. It does not warrant the court in giving a meaning to words which, as in this case, is not justified by the context. This is especially true where, as here, the acceptance of such a meaning would give rise to additional and more serious difficulties in construing a statute.

Appellant's final contention is that if the act is to be construed as denying to the department the right to appeal, while granting such right to other parties in litigation, then the equal protection of the laws is denied the department, and the act is unconstitutional. Our attention is directed to the rule that, where a statute is open to two constructions, one of which will render it constitutional and the other unconstitutional, the former construction and not the latter is to be adopted. *State ex rel. Campbell v. Case*, 182 Wash. 334, 47 P. (2d) 24.

██ A municipal corporation may not invoke the equal protection clause of the fourteenth amendment of the constitution of the United States in opposition to the will of its creator. *Williams v. Mayor & City Council of Baltimore*, 289 U. S. 36, 77 L. Ed. 1015, 53 S. Ct. 431. *A fortiori*, the department, which is itself an arm or agency of state government, is not, under this constitutional provision, protected against the acts of the state. See *Scott v. Frazier*, 258 Fed. 669, reversed on other grounds 253 U. S. 243, 64 L. Ed. 883, 40 S. Ct. 503.

Respondent appears to concede that the department may obtain a court review of the board's action under a writ of certiorari. We express no opinion as to this.

The judgment is affirmed.

ALL CONCUR.