

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

TARGET CORPORATION,                    )
                                       )       No. 31818-4-III
                    Appellant.         )
                                       )
        v.                             )
                                       )
PATRISIA VOWELS AND THE                )       UNPUBLISHED OPINION
DEPARTMENT OF LABOR AND                )
INDUSTRIES OF THE STATE OF             )
WASHINGTON,                            )
                                       )
                    Respondent,        )

KORSMO, J. — Target Corporation appeals a Board of Industrial Insurance

Appeals (BIIA) award, contending both that the BIIA and superior court lacked

jurisdiction to hear the claim and that the evidence did not support the award. We affirm.

FACTS

Patrisia Vowels worked for Target for over a decade before developing carpal

tunnel syndrome in both of her wrists. She had worked at various positions with Target

over the years, and used her wrists extensively during that time, but especially while

working as a cashier and when using a hand held scanner while working as a shelf

stocker. Her right wrist developed a severe case of carpal tunnel syndrome and was the

subject of surgery in late 2008.

Dr. Kevin Sampson, an orthopedic surgeon, was Ms. Vowels' attending physician. He diagnosed her with carpal tunnel syndrome in both wrists, with the right worse than the left. The surgery did not go well and the right wrist worsened. Ms. Vowels then filed an application for benefits with the Department of Labor and Industries (DLI). Dr. Sampson opined that Ms. Vowels' employment at Target was the major cause of her condition.

Dr. James Brinkman, a surgeon, examined Ms. Vowels a few months after the 2009 surgery. He concluded that she had bilateral carpal tunnel, but did not believe the condition was caused by her work, although it may have been aggravated by her employment.

Another surgeon, Dr. Alfred Blue, examined Ms. Vowels six months after the surgery. He could not provide a medical explanation for Ms. Vowels' symptoms, but did not believe that use of the scanner was a repetitive motion that would have caused her carpal tunnel syndrome.

DLI rejected the application for benefits. Its order simply said that Ms. Vowels did not have an industrial injury or occupational disease. She then appealed to the BIIA, contending that she had suffered an industrial injury "to her upper extremity." The Industrial Appeals Judge (IAJ) heard from Ms. Vowels and several co-workers, and reviewed the depositions of the three doctors. The IAJ subsequently issued a proposed decision and order granting Ms. Vowels benefits for bilateral carpal tunnel after

2

determining that her employment was "at least a proximate cause" of the carpal tunnel syndrome. Clerk's Papers (CP) at 30.

The IAJ found Dr. Sampson to be the most persuasive medical expert. The IAJ also noted that the other doctors varied depending upon how much they believed Ms. Vowels' reports of her scanner use. Testimony from some of the co-workers had corroborated Ms. Vowels' description of her use of the scanner.

Target petitioned for review, alleging that consideration of the left wrist was beyond the scope of the IAJ's authority because it had not been put into issue. The BIIA denied Target's petition for review, making the proposed decision of the IAJ the final order. Target then appealed to superior court. The superior court found in favor of Ms. Vowels, largely mirroring the findings and conclusions made by the IAJ. Target thereafter appealed to this court.

## ANALYSIS

Target contends that the BIIA lacked jurisdiction to consider Ms. Vowels' claim as to her left wrist, and also argues that the evidence is insufficient to support any award. We first address the jurisdiction argument before turning to the sufficiency of the evidence contention.

*Jurisdiction*

Target contends first that Ms. Vowels' appeal for an award for injury "to her upper extremity" did not convey jurisdiction to hear any claim concerning the left wrist.

3

CP at 34. However, nothing in the record provided to this court shows that the DLI

decision was limited to the right wrist or that Ms. Vowels only appealed that injury.

Whether subject matter jurisdiction exists is a legal question that is reviewed

de novo. *Marriage of Buecking*, 179 Wn.2d 438, 443, 316 P.3d 999 (2013), *cert. denied*,

2014 WL 3055357 (Oct. 6, 2014). The BIIA and the superior court have only appellate

jurisdiction in industrial insurance cases, leaving both without authority "to consider

matters not first determined by the department." *Lenk v. Dep't of Labor & Indus.*, 3 Wn.

App. 977, 982, 478 P.2d 761 (1970). Otherwise, they "would usurp the prerogatives of

the department, the agency vested by statute with original jurisdiction." *Id.* Thus, if DLI

does not address a question, "it cannot be reviewed either by the board or the superior

court." *Id.*

As *Lenk* further explained:

> The questions the board may consider and decide are fixed by the order
> from which the appeal was taken (*see Woodard v. Department of Labor &
> Indus.*, 188 Wash. 93, 61 P.2d 1003 (1936)) as limited by the issues raised
> by the notice of appeal. *Brakus v. Department of Labor & Indus.*, 48
> Wn.2d 218, 292 P.2d 865 (1956).

*Id.* (footnote omitted).

Target argues that the IAJ, and thus the BIIA and superior court, could not consider

any claims involving Ms. Vowels' left wrist because her application for benefits did not

address that wrist. Target's primary problem with this argument is that the application for

benefits is not part of this record and does not appear to have been part of the record on

4

appeal after DLI turned down the claim. That deficiency, although probably not the fault of either party, is fatal to Target's argument.[1]

The DLI ruling does not reference any specific bodily injury, nor does Ms. Vowels' appeal form state any specific injury she was claiming. Rather, it simply reflected that she had a claim for injury to her "upper extremity." Neither of these forms limited the appeal to Ms. Vowels' right wrist.

Target argues that Ms. Vowels' notice of appeal simply refers to an injury of the "upper extremity" in the singular instead of plural injuries to the upper extremities. This argument proves too much. For one, the notice of appeal does not even identify a wrist as the injured "upper extremity" and Target's reading would necessarily eliminate any injury from the appeal since no specific extremity was identified. Alternatively, the word extremity is certainly broad enough to encompass either wrist. While use of the singular form suggests that only one body part was at issue, it did not identify one specific part to the exclusion of any other. Target's remedy was to seek clarification of what injury was at issue if there was any confusion. However, the parties argued this case at the level of

---

[1] The DLI order is generic, simply reflecting its determination that Ms. Vowels had not satisfied any of the statutory criteria for relief. It does not address the nature of the claim made. Her notice of appeal did not raise the topic as she simply was acting to establish eligibility for benefits under the Industrial Insurance Act. Target, by its view of the record, believed it had no reason to expect that the IAJ would be addressing the issue, and simply was not in a position to expand the record when the IAJ found bilateral carpal tunnel syndrome.

whether the carpal tunnel syndrome was an industrial injury, rather than at the level of whether each wrist was an industrial injury. Target's reading of the notice of appeal does not justify finding a jurisdictional limit on what issues could be raised on appeal.

Target also argues that the jurisdictional history form limited the appeal to the right wrist. With regard to the application for benefits, the form's "Action/Result" column states: "DOI 11-17-08 r wrist – Target Store." CP at 47. Even if this form is one that can limit the scope of the appeal, a question we do not decide,[2] it does not aid Target here. By its own terms, this document, which is prepared by DLI as a summary of its actions, "may not include <u>every</u> action taken by the Department." CP at 47 (emphasis in original). While it identified that there was a right wrist claim, the history does not indicate that it was *only* the right wrist that was at issue. Although suggestive, the history form is not dispositive because it does not contain a full statement of what was contained in the application for benefits. It is quite possible that Ms. Vowels claimed carpal tunnel syndrome in both wrists, but the summary addressed only the right wrist that had been the subject of the surgery and was clearly the more prominent problem for her.[3]

---

[2] This history form is not one of the two documents referenced in *Lenk* that can limit the issues on appeal.

[3] Target does not claim it lacked notice that Ms. Vowels believed both wrists suffered from carpal tunnel syndrome. All three medical experts addressed both wrists in their examinations and deposition testimony.

6

Under these circumstances, the record simply does not allow Target to prevail. The binding authority is *Cowlitz Stud Company v. Clevenger*, 157 Wn.2d 569, 573-74, 141 P.3d 1 (2006). There, on appeal both the BIIA and the superior court considered the application of the last injurious exposure rule, despite an argument by the petitioner that *Lenk* prohibited them from doing so because DLI had not considered application of the rule. *Id.* at 573. The Supreme Court agreed that the appellate bodies lacked authority under *Lenk* to consider the rule if DLI had not first considered it. *Id.* at 573-74. However, the Supreme Court refused to entertain the objection because the inadequate record failed to show that DLI did not consider the rule. *Id.* at 574. Similarly, here DLI issued an order in general terms that did not detail what was and was not considered. On this record, we are in the same position as the court in *Cowlitz Stud*.

Target has not established that the BIIA and superior court lacked jurisdiction to consider Ms. Vowels' claim as to her left wrist.

*Sufficiency of the Evidence*

Target also argues that the evidence does not support the determination that Ms. Vowels had bilateral carpal tunnel syndrome. Properly viewed, the evidence did support that determination.

The superior court hears a BIIA appeal de novo, but based on the evidence presented to the BIIA and with the findings and decision of the BIIA considered prima facie correct. RCW 51.52.115. "Appeal shall lie from the judgment of the superior court as in other civil

7

cases." RCW 51.52.140. This court will view the record to see whether the "evidence is sufficient to persuade a fair-minded, rational person of the truth of the declared premise." *Price v. Kitsap Transit*, 125 Wn.2d 456, 464, 886 P.2d 556 (1994).

Target essentially wants to retry its case in this forum, stressing that its experts were more believable than Dr. Sampson and Ms. Vowels. However, this court does not weigh evidence or make credibility determinations anew. *Davis v. Dep't of Labor & Indus.*, 94 Wn.2d 119, 124, 615 P.2d 1279 (1980). Thus, we are not in a position to say that the trial court erred in its review of the record.

It has long been the practice in this state to give the opinion of a treating physician special consideration, because that doctor is not an expert hired to give an opinion. *Hamilton v. Dep't of Labor & Indus.*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988); *Intalco Aluminum v. Dep't of Labor & Indus.*, 66 Wn. App. 644, 654, 833 P.2d 390 (1992). The treating physician's opinion is itself sufficient evidence to support a determination of causation. *Intalco*, 66 Wn. App. at 654-55.

Here, Dr. Sampson opined that employment at Target was a cause of the carpal tunnel syndrome. Although his opinion varied from that of the other experts, a primary reason for the difference appears to be the amount of credibility the other experts gave Ms. Vowels' description of her workload. Her account of her use of the scanning device was supported by the testimony of her co-workers. The trial court was free to credit that supporting testimony, and apparently did so.

No. 31818-4-III
*Target v. Vowels*

Lastly, we note that the existence of other, non-work related causes that might have contributed to the development of carpal tunnel syndrome does not undercut Dr. Sampson's opinion. A worker's employment need only be one of the proximate causes of an injury rather than the sole cause. *Dennis v. Dep't of Labor & Indus.*, 109 Wn.2d 467, 471-72, 745 P.2d 1295 (1987). Thus, although other factors may have contributed to the carpal tunnel syndrome, the presence of those factors does not preclude the finding of an industrial injury.

The record supports the trial court's findings and ruling.

Ms. Vowels also seeks attorney fees on appeal. Because she has successfully defended the BIIA's order, she is entitled to her attorney fees. RCW 51.52.130.

The judgment is affirmed. Ms. Vowels is awarded her attorney fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

9