[No. 25615. Department One. July 20, 1935.]

JOE STRMICH, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1]Reported in 47 P. (2d) 990.

*Josef Zelasko,* for appellant.

*The Attorney General* and *J. A. Kaveney, Assistant,* for respondent.

GERAGHTY, J.—The appellant, who will hereafter be referred to as claimant, suffered a compensable injury while engaged in extrahazardous employment. His claim for compensation was recognized by the department, and time loss for some eighteen months allowed. His claim was closed by order of the supervisor March 21, 1932. On May 2, 1932, he appealed to the joint board from this order. A hearing was had by the joint board upon his appeal, and an order made on August 22, 1932, sustaining the order of the supervisor closing his case.

On February 8, 1934, claimant filed with the joint board a petition for a rehearing of his appeal from the order of the supervisor. In his petition, claimant states that he seeks the rehearing in order that he may submit further evidence in support of his claim. This petition was denied by the joint board March 6, 1934. The claimant appealed from this latter order to the superior court, where judgment was entered dismissing the appeal upon the assigned ground that the statute of limitations had run against the claimant for his failure to appeal from the order of the joint board made August 22, 1932, within the thirty-day period allowed for appeals to the superior court by Rem. Rev. Stat., § 7697 [P. C., § 3488].

It is to be noted at the outset that the claimant's application to the joint board, made February 8, 1934, for a rehearing, was not based upon any claim of aggravation bringing him within the provisions of subd. 8 of § 7697. The application was for a rehearing upon the merits of his original claim to enable him to introduce new and additional evidence. No provision

is made in the statute for a rehearing before the joint board after it has made its final order upon an appeal from the supervisor. The remedy of the claimant under § 7697 is an appeal to the superior court within thirty days.

In *Gross v. Department of Labor and Industries,* 177 Wash. 675, 33 P. (2d) 376, we said:

"A complete scheme of procedure is prescribed by the workmen's compensation act and, as the act contains no provision for a new trial on the ground of newly discovered evidence, a motion for such relief can not be entertained. Under the provisions of the act (Rem. Rev. Stat., § 7697), on appeal from an order of the department to the superior court, the claimant must rest on the record made before the joint board; the claimant may not be permitted to offer, and the court may not receive, in support of the claimant's appeal, evidence or testimony other than that offered before the joint board."

While what was said there had immediate relation to procedure in the superior court upon appeal from the joint board, the principle announced is equally applicable to appeals heard before the joint board from orders of the supervisor.

In his brief, appellant says that he was unable to secure the testimony necessary for him to establish his case properly at the first hearing; that it took a considerable time after the hearing to secure the testimony necessary; and that after securing this testimony he applied for the rehearing, which was denied. This, of course, is no valid ground for granting a rehearing. Controversies must come to an end sometime. While the workmen's compensation act is highly remedial and provides a procedure less formal than that obtaining in courts, yet, in order that its purposes may be accomplished, the department charged with its administration must proceed in order and in accord-

ance with such rules as are prescribed in the statute.

The record discloses that the claimant received benefits from the department for many months, and that several hearings were accorded to him. After the final decision of the joint board on August 22, 1932, he had the right to appeal to the superior court within thirty days. He failed to take any further steps for a period of eighteen months, and then sought a second hearing of his appeal before the joint board. If this practice were to obtain, no question could ever be definitely settled before the department.

The trial court correctly dismissed claimant's appeal, and its judgment is affirmed.

MILLARD, C. J., MAIN, TOLMAN, and BEALS, JJ., concur.

[1]Reported in 47 P. (2d) 991.