[No. 26419.   Department Two.   April 1, 1937.]

LOUIS NAGEL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 66 P. (2d) 318.

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Phil K. Eaton* and *Edgar P. Reid,* for respondent.

*Carey, Hart, Spencer & McCulloch* and *John W. Wilkinson,* for employer.

BEALS, J.—Louis Nagel, claimant and plaintiff herein, during the month of September, 1930, was operating a planer in the mill of J. Neils Lumber Company, in Klickitat county, his work being classed as extrahazardous. September 22, 1930, his right hip and back were injured by a board which slipped off the carriage and struck him with considerable force.

Mr. Nagel finished the day's work, but thereafter became lame and sore, and was unable to continue his employment. He consulted a doctor September 29th, and October 18th following, filed with the department his claim for compensation. November 7th, he was classified as suffering from temporary total disability, and was furnished with medical aid and placed on the temporary total disability list.

Under date January 23, 1931, after what appears to have been a full and careful investigation of claimant's bodily ailments, the department closed the claim, paying for time loss up to December 30, 1930. A notice entitled "Final Settlement of Claim" was forwarded to claimant, the notice clearly advising him that the claim was closed, and that no permanent partial disability existed. Plaintiff criticizes this order, because it did not in direct terms advise claimant that, in the opinion of the department, he was suffering from a preexisting disease.

January 29, 1931, claimant's mother wrote the department on her son's behalf, asking that further medical treatment be given, to which letter the department, by letter dated February 3rd, replied in part as follows:

"This claim was closed as of December 30th, as the file indicates he has entirely recovered from the injury of Sept. 22nd and his present condition is a systematic condition which he had previous to his injury.

"We trust this will explain the status of the claim in this department. In view of these facts, we cannot authorize transfer for treatment under this claim; that should be looked after by himself personally."

A reexamination of claimant nevertheless was ordered, and February 7th such an examination was made by Dr. Watson. March 27, 1931, the department wrote claimant as follows:

"We have recently received reports from Drs. Watson and Akin of Portland, covering their examinations, and have to inform you that their findings simply confirm the department's order of January 23rd, 1931, wherein your case was closed. Quite apparently, you are not suffering from the effects of the injury you allege on September 22nd, 1930, and this office is not justified in giving your case further consideration."

■ In determining the rights of the respective parties, the entire record up to the letter last referred to must be considered. While the order closing the claim was definite and positive, the department thereafter, on claimant's request, caused him to be examined by other physicians, and considered the reports made.

In the case of *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391, it was contended that the sixty-day period provided by the statute for an appeal from an order of the director ran from the

date of the order. It appeared, however, that after the entry of the order closing the claim, the department made further investigation concerning the claimant's condition, and it was held that the time to appeal commenced to run from the date of the final notice to the claimant that no further benefits would be accorded him. If such subsequent proceedings operate to extend the time of appeal for the benefit of the claimant, it must also be held that, under the circumstances here present, he is bound by information conveyed to him by departmental letters and orders subsequent to the date of the closing order. It clearly appears, then, from the letters above quoted, that claimant was fully advised that it was the contention of the department that the claimant was no longer suffering from the injury upon which he based his claim.

August 4, 1931, claimant's mother wrote, seeking "to appeal the decision of the board," and in answer to her letter, the department advised her that her application for rehearing was denied by the joint board as made after the time within which an appeal could be taken. November 7, 1933, the claimant himself wrote the department as follows:

"I hereby apply for a reopening of the above numbered claim, on the ground that since the claim was closed I have discovered that my condition, due to the injury, is permanent and has caused me to be permanently and totally disabled.

"At the time my claim was closed, I was disabled, but anticipated I would recover the use of my hips, which has not occurred and on the contrary, my hips have become wholly stiff and likewise the bony structure of the pelvis and lower part of the back have become solid, due to the injury, and all of which totally and permanently disables me from performing any work at any gainful occupation."

November 9, 1933, claimant's application to reopen the case was denied, and December 7th following, he

filed a petition for rehearing, in which he stated, *inter alia*:

"That since his said claim was closed, he has discovered that the condition from which he suffers is due to the injury for which said claim was filed, and not due to disease as contended at the time his claim was closed.

"That his physical condition on account of the said injury has become worse and aggravated, and has caused him to be permanently and totally disabled, so that he will be unable to perform any work at any gainful occupation.

"That at the time said claim was closed, your petitioner believed that he would recover from the said injury but has since discovered the true nature and extent of the same as above set forth."

December 18, 1933, claimant's petition was granted "as to any condition of aggravation other than due to pre-existing disease." A hearing was held during the month of April, 1934, and continued to the following August. October 1, 1934, the department entered an order sustaining the former order of the supervisor and refusing to reopen the claim upon the ground of any aggravation of disability due to the injury. From this order, Mr. Nagel appealed to the superior court, and after a hearing before that court, judgment was entered in claimant's favor, remanding the case to the department with instructions to classify Mr. Nagel as totally and permanently disabled, from which judgment the department has appealed.

The trial court expressly found that the department closed respondent's claim January 23, 1931, without allowing him any permanent disability, either partial or total, due to the injury. As above stated, the subsequent proceedings of the department somewhat extended the time within which respondent could have appealed to the joint board. The matter, however, became *res judicata* at least within three months

from the date of the closing order as to any claim for permanent disability, total or partial, in so far as conditions then existing were concerned. *Cloquet v. Department of Labor & Industries,* 154 Wash. 363, 282 Pac. 201; *Read v. Department of Labor & Industries,* 163 Wash. 251, 1 P. (2d) 234; *Stevich v. Department of Labor & Industries,* 182 Wash. 401, 47 P. (2d) 32; *Strmich v. Department of Labor & Industries,* 182 Wash. 466, 47 P. (2d) 990; *Luton v. Department of Labor & Industries,* 183 Wash. 105, 48 P. (2d) 199.

█ The statute permits an injured workman to later present to the department a claim based upon any alleged aggravation of his condition traceable to the original injury, but such a situation differs materially from the situation hereinabove discussed.

The evidence clearly indicates that Mr. Nagel has become totally disabled, in so far as manual labor is concerned. The sole question to be determined at the last hearing before the department and on appeal to the superior court, as stated by respondent, was: Had the claimant's condition, in so far as his injury had affected the same, become aggravated at the time he applied for reopening of his claim? In other words, was his disability caused by the injury which he received, or was the same the result of a preexisting and progressive disease?

Prior to the closing of his claim, respondent was examined by physicians under the direction of the department. His own physician reported that, in his opinion, respondent was suffering from some cause other than the injury. Another physician reported definitely that respondent's then condition was not the result of his recent injury, but came from a chronic arthritis infection.

█ The burden rested upon respondent to show that the unfortunate condition of which he complained was

the result of the injury which was the basis of his original claim against the department, and was not due to the ordinary progression of a disease from which he suffered independently of the injury. *Boyer v. Department of Labor & Industries,* 160 Wash. 557, 295 Pac. 737; *Zoff v. Department of Labor & Industries,* 174 Wash. 585, 25 P. (2d) 972; *Grub v. Department of Labor & Industries,* 175 Wash. 70, 26 P. (2d) 1039.

Respondent himself, in his application to reopen the claim, states: "At the time my claim was closed I was disabled." The department properly reopened the claim on respondent's application to hear evidence and determine whether or not respondent's condition due to the injury, for which the department had paid respondent compensation, had, since the closing of the claim, become aggravated. The department must have believed, when respondent received compensation on the basis of temporary total disability, that he had received some injury for which he was entitled to the benefit of the act. The department also, when the claim was finally closed, was of the opinion that respondent's then condition was not due to the injury. He having suffered an injury, however, the department could not, without an investigation, determine that the injury had not produced, subsequent to the closing of the claim, some aggravation of respondent's condition. This question, after a hearing, the department determined against respondent's contention.

Respondent cites cases in which we have held that a latent or dormant disease may be "lighted up" by an injury, and the injury held the proximate cause of subsequent disability. The cases cited are not here in point, as the record does not support any finding that the injury suffered by respondent resulted in any such effect by way of aggravation.

The trial court held that the entire proceeding

had been reopened. In this connection, and as to the finality of the closing of the claim by the department as to then existing facts, the case of *Nafus v. Department of Labor & Industries,* 142 Wash. 48, 251 Pac. 877, is in point. In that case, it appeared that a claimant was injured while within the protection of the act; that he presented his claim to the department, which for several months granted claimant benefits under the act; that thereafter the department notified claimant that his claim was closed because of the fact that his condition was not due to the accident. Several months later, the claimant petitioned for the vacation of the departmental order closing his claim, and upon denial of this petition, appealed to the superior court, which rendered judgment in claimant's favor. On appeal, this court reversed the judgment and dismissed the proceeding. We held that the order closing the claim had become *res judicata,* and that

"The subsequent filing of a petition to open the claim and then appealing from the denial to so do does not bring the appeal within the requirements of the statute. There is no provision in the law for a petition of this kind and, if such a petition could be entertained and then an appeal prosecuted from its denial, it would operate to defeat the limitation placed in the statute by the legislature."

While the case cited differs from the case at bar in that the workman based his claim upon a petition to set aside the order closing his claim, rather than upon alleged aggravation of injury, the principle is the same in so far as respondent seeks to attack the proceedings of the department closing his claim.

In the case of *Mullen v. Department of Labor & Industries,* 157 Wash. 329, 288 Pac. 926, it appeared that the workman received compensation for an injury, his claim having been closed August 10, 1926. During the

month of March, 1927, his case was reopened and additional amounts paid. During the month of November, 1928, the claimant applied for reopening of his claim, which application the department denied. On appeal to the superior court, the action of the department was reversed, but on appeal to this court it was held that the record disclosed no evidence which supported the application for reopening of the claim. In the course of its opinion, the court said:

"There was no change in respondent's condition. In fact, the testimony of respondent's physician witnesses was to the effect that the condition of respondent at the time of the departmental rehearing in May, 1929, was substantially the same as when he was examined in December, 1926, by three physicians in Tacoma."

So, in the case at bar, respondent apparently was unable to perform physical labor at the time his case was closed, and also when he filed his petition to reopen the proceeding. The department was fully advised as to respondent's physical condition when the claim was under examination, and during the month of March, 1931, advised respondent that physical examinations recently made confirmed the department's order of January 23, 1931, and that "quite apparently you are not suffering from the effects of the injury you allege on September 22, 1930."

Examination of the record convinces us that respondent made no showing which supports a holding that his condition due to the injury had become aggravated.

The trial court made a finding to the effect that, in granting respondent's application for a rehearing, filed during the month of December, 1933, the department reopened the entire matter, and "thereby waived any plea of *res judicata,* if any such plea it

ever had." The law is not susceptible of such a construction. The department was merely proceeding in an orderly way to determine facts which were necessary to enable it to enter a proper order protecting the rights of all concerned. Generally speaking, no officer or agency of the state has the right to waive the defense of the statute of limitations. In the case of *Finn v. United States*, 123 U. S. 227, 8 S. Ct. 82, the court said:

"An individual may waive such a defence, either expressly or by failing to plead the statute; but the Government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute. . . ."

The case of *Brezzenski v. Crenshaw Engineering Co.*, 188 App. Div. 511, 177 N. Y. S. 100, is to the same effect.

After the reopening of the claim, the legal effect of the hearing was limited strictly to the matter of aggravation. That the evidence took a wide range, is immaterial. This could not enlarge the lawful scope of the proceeding as it then stood. We agree with the joint board that the evidence affords no ground for holding that respondent is entitled to any relief upon this phase of the case, and we accordingly hold that the trial court erred in reversing the ruling of the joint board and directing that respondent be classified as totally and permanently disabled and entitled to receive departmental relief on that basis.

The judgment appealed from is accordingly reversed, with instructions to affirm the order of the joint board.

STEINERT, C. J., TOLMAN, and ROBINSON, JJ., concur.

HOLCOMB, J. (dissenting)—It should be remembered that these proceedings are entirely statutory, and also

that the statute must be liberally construed. In my opinion, the conclusion of the trial judge above quoted is correct and the judgment should be affirmed. I therefore dissent.

[1]Reported in 66 P. (2d) 310.