17 P.3d 1195 (2001)
104 Wash.App. 617
Virgil W. McDONALD, Appellant,
v.
DEPARTMENT OF LABOR AND INDUSTRIES of the State of Washington, Respondent.
No. 24602-3-II.
Court of Appeals of Washington, Division 2.
January 5, 2001.
Publication Ordered February 2, 2001.
*1196 Thomas A. Thompson, Walthew, Warner, Costello, Thompson & Eagan, Seattle, for appellant.
Anastasia R. Sandstrom, Asst. Atty. Gen., Seattle, for respondent.
WANG, J.P.T.[*]
Virgil W. McDonald injured his back in the course of employment in 1992 and received industrial insurance benefits. He returned to work and his industrial insurance case was closed, but he again experienced debilitating back pain in 1994. McDonald contends that this back condition was a worsening of his 1992 injury. The Department of Labor and Industries (L & I) initially denied, but then reopened, his claim for industrial insurance benefits. It later reversed its decision again and denied reopening. McDonald appealed to the Board of Industrial Insurance Appeals (BIIA), which affirmed L & I's final order denying reopening. He then appealed to superior court, which affirmed the BIIA. He appeals now based on the court's instructions and contends that L & I's decision to reopen was an admission by a party opponent. We too affirm.

FACTS
The BIIA adopted the proposed findings of fact of the BIIA's administrative law judge.[1] Those findings were presumed correct at the superior court level. On appeal, McDonald does not assign error to them. Accordingly, they are the established facts of this case. Franklin Cy. Sheriff's Office v. Sellers, 97 Wash.2d 317, 324, 646 P.2d 113 (1982); Peter M. Black Real Estate Co., Inc. v. Department of Labor and Industries, 70 Wash.App. 482, 487, 854 P.2d 46 (1993). The BIIA findings of fact provide:
1. On September 1, 1992, Virgil W. McDonald sustained an injury to his low back in the course of his employment with the Rockford Corporation. He filed an application for benefits on or before December 7, 1992. On December 7, 1992, the Department issued an order allowing the claim and closing it with medical treatment only.
Virgil W. McDonald filed an application to reopen his claim for aggravation of condition on January 30, 1995. On July 20, 1995, the Department entered an order denying the application to reopen the claim for aggravation of condition because medical information reflected the condition caused by the injury had not worsened. Mr. McDonald timely protested that order which was subsequently held in abeyance. On April 12, 1996, the Department issued an order reopening the claim, but that order was timely protested by the employer and was held in abeyance. The Department issued a further order on May 8, 1996, correcting and superseding its order of April 12, 1996, setting aside its order of *1197 July 20, 1995, and allowing the reopening of the claim effective December 12, 1994. The employer timely protested that order which was subsequently held in abeyance. On November 25, 1996, the Department issued an order denying the application to reopen the claim for aggravation of condition because medical information reflected Mr. McDonald's condition caused by the injury had not worsened. Mr. McDonald timely protested that order which was subsequently affirmed by Department order dated February 24, 1997. On March 12, 1997, Mr. McDonald filed a notice of appeal with the Board of Industrial Insurance Appeals. The Board issued an order on April 21, 1997, granting the appeal, assigning it Docket No. 97-1841, and directing that further proceedings be held.
2. Virgil W. McDonald sustained a low back sprain on September 1, 1992, while carrying a pipe clamp weighing approximately 120 pounds uphill in soft dirt. He received conservative treatment for that injury over a brief period.
3. Virgil W. McDonald had low back pain prior to, and following, his injury for which he took muscle relaxants. On or about September 3, 1992, he resumed working as a welder's helper and continued to thereafter intermittently work at that job, which is heavy labor, for about two years.
4. Virgil W. McDonald had a degenerative low back condition that pre-existed his injury and which was progressive in nature.
5. In September or October 1994, Virgil W. McDonald was helping to sweep an attic that had a low roof. He was in a bent-over position for approximately 20 minutes. This activity caused an increase in Mr. McDonald's back pain.
6. In approximately mid-October 1994, Virgil W. McDonald began experiencing pain in his right leg.
7. Diagnostic imaging studies done in December 1994 and April 1995 reflected a bulging disc at L4-5, as well as a herniated disc at L5-S1 and spinal stenosis.
8. In May 1996, Virgil W. McDonald had surgery consisting of a lumbar decompression, a laminectomy at L5, a partial laminectomy at L4-S1, a discectomy at L5-S1, and a bilateral foraminotomy at L4-5 and L5-S1.
9. It is more likely that Virgil W. McDonald's degenerative low back condition was aggravated by his activity in sweeping out the attic in a bent-over position, which ultimately required surgery, than that his low back strain resulting from his injury on September 1, 1992, was aggravated.
10. The low back strain caused by Virgil W. McDonald's injury of September 1, 1992, was not worsened or aggravated between December 7, 1992 and February 24, 1997.
Clerk's Papers at 35-37. McDonald was approximately 55 years old at the time of his 1997 BIIA hearing.

ANALYSIS

STANDARD OF REVIEW
In an appeal of a BIIA decision, the superior court holds a de novo hearing but does not hear any evidence or testimony other than that included in the BIIA record. Grimes v. Lakeside Industries, 78 Wash. App. 554, 560, 897 P.2d 431 (1995); RCW 51.52.115. In all court proceedings under Title 51 RCW, the findings and decisions of the BIIA are prima facie correct and the burden of proof is on the party challenging them. RCW 51.52.115.
The Board's decision is prima facie correct under RCW 51.52.115, and a party attacking the decision must support its challenge by a preponderance of the evidence. Ravsten v. Department of Labor & Indus., 108 Wash.2d 143, 146, 736 P.2d 265 (1987). On review, the superior court may substitute its own findings and decision for the Board's only if it finds "`from a fair preponderance of credible evidence', that the Board's findings and decision are incorrect." McClelland v. ITT Rayonier, Inc., 65 Wash.App. 386, 390, 828 P.2d 1138 (1992) (quoting Weatherspoon v. Department of Labor & Indus., 55 Wash.App. 439, 440, 777 P.2d 1084 (1989)). In this appeal, "review is limited to examination of the record to see whether substantial evidence *1198 supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings." Young v. Department of Labor & Indus., 81 Wash.App. 123, 128, 913 P.2d 402 (1996) (citations omitted).
Ruse v. Department of Labor & Industries, 138 Wash.2d 1, 5-6, 977 P.2d 570 (1999).
We review jury instructions for errors of law de novo. Hue v. Farmboy Spray Co., 127 Wash.2d 67, 92, 896 P.2d 682 (1995). An instruction's erroneous statement of the applicable law is reversible error only where it prejudices a party. Hue, 127 Wash.2d at 92, 896 P.2d 682.

ADMISSION BY PARTY OPPONENT
McDonald first argues that the trial court erred in instructing the jury that:
No action in opening or closing the claim has any effect on your decision. You are to determine whether the decision of the Board of Industrial Insurance Appeals was correct.
Instruction 12. Clerk's Papers at 277.
In its order of May 8, 1996, L & I reopened McDonald's claim after reviewing medical records and finding that his condition had worsened. McDonald contends that this was an admission by a party opponent that the worsening was causally-related to his 1992 industrial injury and that instruction 12 prevented him from presenting this theory of the case to the jury.
McDonald's argument fails because L & I's decision to reopen was not an admission by a party opponent. ER 801(d)(2). The trial court reviewed the BIIA's decision, not L & I's. The BIIA took its own evidence, reviewing McDonald's application to reopen his claim de novo. Thus, L & I's deliberative processes were irrelevant at trial where the jury's task was to review the BIIA decision.
L & I's ultimate decision to deny reopening the claim was convoluted. First it denied the application in July 1995 and McDonald protested. Then it granted the reopening (twice) in April May 1996 and the employer protested. Then it again denied reopening, McDonald protested, and L & I affirmed. McDonald argued that the only medical information upon which L & I relied to deny reopening was Dr. Jessen's one-time examination in June 1995. He contends that L & I must have discounted the same medical report that it had earlier relied upon in approving reopening. However, the processes L & I employed in reaching its ultimate decision denying the application to reopen are irrelevant. The only decision before the BIIA was whether McDonald's 1992 industrial injury was a proximate cause of his medical condition in 1994.
Evidence that L & I opened and closed the claim was before the jury because it was used below to establish BIIA jurisdiction and, thus, appears in the BIIA's findings. Because McDonald wanted to argue that these facts were admissions by a party opponent, the court gave the limiting instruction precluding him from doing so. The trial court correctly gave this limiting instruction because the jury's sole responsibility was to determine if the BIIA's findings of fact were erroneous and whether its decision was incorrect. The court's limiting instruction was necessary to avoid confusing the issues and misleading the jury. See ER 403.
Moreover, L & I's order of May 8, 1996, to reopen was not an admission because it was presumably superseded and vacated by its order of November 25, 1996.[2] The only L & I order appealed to the BIIA was the ultimate order of February 24, 1997.
Instruction 12 was correct and necessary. It also did not preclude McDonald from arguing that the BIIA decision was incorrect.

PROXIMATE CAUSE
McDonald argues that the trial court's proximate cause instruction was legally incorrect and prevented him from properly arguing his proximate cause theory. The court's instruction provided:[3]
*1199 Conditions which are proximately caused by a new independent injury, or by the normal aging process which are independent of the industrial injury, or by the ordinary progression of a disease or a condition which existed independently of the industrial injury are not compensable.
Instruction 18.[4] Clerk's Papers at 283.
McDonald claims this instruction was legally incorrect in three ways: (1) If the condition resulted from an independent injury, the condition may still be compensable if the industrial injury is also a proximate cause of the condition. (2) If the condition resulted from aging, the condition may still be compensable if the industrial injury aggravated the condition or made the condition symptomatic. (3) If the condition resulted from the ordinary progression of disease or condition existing independently of the industrial injury, the condition may still be compensable if the industrial injury aggravates or lights up an independent, latent condition.
The court's instructions allowed McDonald to argue that his 1992 industrial injury was a proximate cause of his aggravation. Instructions are sufficient if they correctly state the law, they are not misleading, and they permit the parties to argue their respective theories of the case. Codd v. Stevens Pass, Inc., 45 Wash.App. 393, 396, 725 P.2d 1008 (1986). McDonald does not show how he was precluded from doing so or how the court's refusal to give his proposed instructions prejudiced him. Even if an instruction is misleading and, therefore, erroneous, it will not require reversal unless prejudice is shown. Error is not prejudicial unless it affects or presumptively affects the outcome of the trial. Thomas v. French, 99 Wash.2d 95, 104, 659 P.2d 1097 (1983).
The State argues that instruction 18 was legally correct, citing Nagel v. Department of Labor & Industries, 189 Wash. 631, 636-37, 66 P.2d 318 (1937). In Nagel, as here, L & I denied the application to reopen the claim because it determined that the worsened condition resulted from chronic arthritis, a pre-existing and progressive disease. Nagel argued that because he was totally disabled at the time L & I closed his claim he should have been given a disability pension. The Supreme Court held that because Nagel had not appealed L & I's order denying him a pension, his only recourse was to show that his current condition was an aggravation of the original injury:

*1200 The sole question to be determined at the last hearing before the department and on appeal to the superior court, as stated by respondent, was: Had the claimant's condition, in so far as his injury had affected the same, become aggravated at the time he applied for reopening of his claim? In other words, was his disability caused by the injury which he received, or was the same the result of a preexisting and progressive disease?
. . . .
The burden rested upon respondent to show that the unfortunate condition of which he complained was the result of the injury which was the basis of his original claim against the department, and not due to the ordinary progression of a disease from which he suffered independently of the injury.
Nagel, at 636-37, 66 P.2d 318.
Instruction 18 provided that conditions caused by an independent injury, the independent aging process, or an independent disease or condition were not compensable. The instruction's use of the term "independent" to qualify each cause of injury qualified the court's proximate cause instructions. In other words, if the jury found that McDonald's injuries resulted from a cause independent of his industrial injury, the condition was not compensable. Based upon Dr. Jessen's deposition, the BIIA concluded that McDonald's condition was caused by the progression of a degenerative back condition unrelated to his 1992 industrial injury. In other words, his industrial injury did not contribute to his condition.
The instructions allowed McDonald to argue that his condition was not independent of his industrial injury. They allowed him to argue that his industrial injury was a proximate cause of his present condition by showing that, even though he had a degenerative back condition, his industrial injury contributed to that condition.
McDonald has failed to show that the trial court abused its discretion in refusing his proposed instructions. See Thomas v. Wilfac, Inc., 65 Wash.App. 255, 828 P.2d 597 (1992) (standard for refusal to give a requested instruction is abuse of discretion). The court's instructions properly explained the law to the jury and allowed McDonald to argue his theory of the case.
Affirmed.
ARMSTRONG, C.J., and HUNT, J., concur.
NOTES
[*] Judge Wang is serving as a judge pro tempore for the Court of Appeals, pursuant to RCW 2.06.150(2).
[1] Technically, BIIA judges are classified as Industrial Appeals Judges rather than as Administrative Law Judges under the state personnel system. See RCW 51.52.104. We use the term "administrative law judge" here in its more generic sense.
[2] We say "presumably" because copies of the actual orders are not in the record before us.
[3] The court's instructions 14 and 16 also explained proximate cause. Instruction 14 provided:

The term "proximate cause" means a cause which in a direct sequence, unbroken by any new independent cause, produces the condition complained of and without which such condition would not have happened.
There may be one or more proximate causes of a condition. For a worker to recover benefits under the Industrial Insurance Act, the industrial injury must be a proximate cause of the alleged condition for which benefits are sought. The law does not require that the industrial injury be the sole proximate cause of such condition.
Clerk's Papers at 279. Instruction 16 provided:
To establish that there is aggravation, the worker has the burden of proving each of the following propositions by medical testimony based at least in part upon a comparison of objective findings:
1). That the worker's condition was aggravated.
2). That the industrial injury was a proximate cause of the aggravation.
3). That the aggravation occurred between December 7, 1992 and February 24, 1997.
Clerk's Papers at 281.
[4] McDonald proposed four instructions as an alternative:

Plaintiff's Proposed Instruction No. 12 provided:
If an industrial injury is a proximate cause of a worker's disability, the worker is to be fully compensated for the disability notwithstanding his pre-existing state of health. Preexisting infirmities that may have contributed to the disability are regarded as conditions upon which the injury operated, not causes of the disability.
Plaintiff's Proposed Instruction No. 13 provided:
A worker is to be taken as he is, and a pre-existing condition should not be considered a "cause" of an injury or death, but merely a condition upon which the "proximate cause" operated.
Plaintiff's Proposed Instruction No. 15 provided:
If an industrial injury aggravates or makes a preexisting condition, whether disabling or not, worse and results in disability, such disability is considered due to the industrial injury and not due to the preexisting condition.
Plaintiff's Proposed Instruction No. 16 provided:
The Plaintiff is entitled to benefits for any condition that the injury aggravated, accelerated or in combination with it, causes disability.
Clerk's Papers at 250-54.