FILED
COURT OF APPEALS
DIVISION II

2015 JUN -4 AM 8: 37

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CORTNEY R. BLACK, | No. 46017-3-II |
| Respondent, | |
| v. | |
| COMCAST CORPORATION and DEPARTMENT OF LABOR & INDUSTRIES, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Comcast Cable Corporation appeals a superior court order, which reversed orders of the Department of Labor and Industries and the Board of Industrial Insurance Appeals. The Department's and Board's orders denied Cortney Black compensation under the Washington Industrial Insurance Act[1] for a labral[2] tear in Black's right shoulder. Comcast argues that substantial evidence does not support the superior court's finding that Black's labral tear in his right shoulder arose naturally and proximately out of his employment with Comcast. We affirm.

---

[1] Title 51 RCW.

[2] The "labrum" is "a ring of cartilage [surrounding] the shoulder socket." Clerk's Papers at 212.

No. 46017-3-II

## FACTS[3]

### A. Background

In 2010, Black filed a claim with the Department for a labral tear in his right shoulder, alleging the tear was caused by his employment as an installation communication technician with Comcast. The Department entered an order denying his claim, stating there was "no proof of a specific injury at a definite time and place in the course of employment," and that Black's shoulder condition was not an occupational disease under RCW 51.08.140. Clerk's Papers (CP) at 48.

Black protested the Department's order, and the Department entered a second order affirming its initial order. Black appealed the Department's two orders to the Board. The Board granted the appeal, and an industrial appeals judge held a hearing.

### B. Black's Testimony at the Hearing

At the hearing, Black testified to the following facts. Black had two jobs prior to his employment with Comcast, neither of which required any significant heavy lifting or physical exertion. In Black's first pre-Comcast job, which he held for six to seven years, his physical exertion was mostly limited to walking and climbing up and down ladders. Black rarely had to lift more than 25 pounds. In extreme cases where Black would have to lift up to 75 pounds,

---

[3] We review the superior court's findings for substantial evidence, taking the facts in the light most favorable to the party who prevailed before the superior court. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999); *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 485-86, 40 P.3d 1221 (2002). Thus, these facts are written in the light most favorable to Black, who prevailed before the superior court.

there were usually at least two people available to assist him. In Black's second pre-Comcast job, which he held for three to four months, Black's physical exertion was limited to walking and using air tools. The job generally required no heavy lifting.

Black was employed by Comcast from 2004 to 2010. As part of Black's employment at Comcast he reached, stooped, climbed, and crawled. Black also carried ladders on his shoulder, pulled and secured cables, and dug holes. The cable reels he lifted weighed as much as 75 pounds. Black had to pull the cable with "all [his] might" to meet cable tension and cable height requirements. CP at 112. Black pulled cables as far as 300 feet and at many different elevations, sometimes while standing on a ladder. Because Black carried a laptop computer with his left hand, he would have to carry his 25-35 pound tool bag with only his right hand. Black worked alone nine times out of ten.

Outside of his employment with Comcast, Black's physical activity was limited to minimal house work, mowing the lawn with a self-propelled lawn mower, and personal computer repairs. Outside of his employment, Black did not do anything strenuous or repetitive with his arms, shoulders, or upper back in the time leading up to his shoulder problems. Black never had any problems with his right shoulder prior to the labral tear that provided the basis for his 2010 complaint.

C.    *Medical Testimony*

Dr. John Hung, M.D., an orthopedic surgeon and Black's attending physician, testified by deposition. Dr. Hung specialized in shoulders and knees. Dr. Hung had performed a series of shoulder tests on Black and examined an MRI (magnetic resonance imaging) of Black's shoulder. Dr. Hung testified by a reasonable medical probability that Black had a labral tear on his right shoulder. Dr. Hung testified that labral tears are caused by "heavy laboring, specifically doing things above the shoulder level or if they happen to have to catch certain objects in unpredictable situations." CP at 219. Dr. Hung testified by a reasonable medical probability that Black's labral tear on his right shoulder was caused by Black's pulling of heavy cables and heavy equipment while working for Comcast:

> [Black]: Based upon the history that you obtained . . . do you have an opinion based upon reasonable medical probability as to what the cause of [Black's] right shoulder pathology was?

> [Dr. Hung]: Well, outside of [Black] doing anything sports related or having an injury that he didn't tell me about, you know, the fact that he's doing a lot of pulling with heavy cables and heavy equipment was probably the source, and I think he—I know I didn't put it in my notes, but I think I remember—I recall him telling me that those are tasks that he's doing frequently throughout the day, and so it would make—for me, I would think that probability-wise, that was probably where he developed the injury.

CP at 219-20. At the hearing, Comcast presented depositions of two doctors, both of whom concluded Black had no signs of any injury to his right shoulder.

4

No. 46017-3-II

The industrial appeals judge entered a proposed order affirming the Department's two orders. The Board entered an order affirming the industrial appeals judge's order. Black appealed to the superior court. The superior court reversed the Board and the Department. The superior court made the following finding:

> [T]he Court has determined, based upon a preponderance of the evidence, that Cortney R. Black's right shoulder condition, diagnosed as a labral tear, arose naturally and proximately out of his work activities with Comcast.

CP at 295. Based upon this finding, the superior court concluded that Black's right shoulder condition was an occupational disease under RCW 51.08.140. Comcast appeals.

ANALYSIS

Comcast argues substantial evidence does not support the superior court's finding that Black had a labral tear in his right shoulder that arose naturally and proximately out of his employment with Comcast. We disagree.

I. THE WASHINGTON INDUSTRIAL INSURANCE ACT

The Washington Industrial Insurance Act provides the exclusive remedy for workers injured in the course of employment. RCW 51.04.010; *Rushing v. ALCOA, Inc.*, 125 Wn. App. 837, 841, 105 P.3d 996 (2005). This court liberally construes the Act, resolving all doubts in the worker's favor. RCW 51.12.010; *Dennis v. Dep't of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987). Benefits are provided to those workers with an occupational disease, which is defined as "such disease or infection as arises naturally and proximately out of employment." RCW 51.08.140; RCW 51.32.180. A worker claiming entitlement to disability benefits for an occupational disease carries the burden of proving the existence of the injury and that the injury

5

arose both naturally and proximately from employment. RCW 51.08.140; *Dennis*, 109 Wn.2d at 481-82; *Gorre v. City of Tacoma*, 180 Wn. App. 729, 756, 324 P.3d 716 (2014), *review granted*, ___ Wn.2d ___, 343 P.3d 760 (2015). The attending physician's opinion should receive special consideration. *Intalco Aluminum v. Dep't of Labor & Indus.*, 66 Wn. App. 644, 654, 833 P.2d 390 (1992).

An employee establishes that the injury arose naturally from employment by showing that his particular employment conditions more probably caused his disability than conditions in everyday life or all employments in general. *Potter v. Dep't of Labor & Indus.*, 172 Wn. App. 301, 315, 289 P.3d 727 (2012). An employee establishes the element that the injury arose proximately from employment by presenting "competent medical testimony which shows that the disease is probably, as opposed to possibly, caused by the employment." *Dennis*, 109 Wn.2d at 477. But industrial injuries do not have to be the sole proximate cause of a condition. *McDonald v. Dep't of Labor & Indus.*, 104 Wn. App. 617, 626-27, 17 P.3d 1195 (2001). And the claimant need not show that the occupational disease was caused by a particular injury at a definite time or place; diseases caused by repetitive actions or long term exposures in the course of one's employment are compensable. *See Simpson Timber Co. v. Wentworth*, 96 Wn. App. 731, 738, 981 P.2d 878 (1999); *Intalco Aluminum*, 66 Wn. App. at 655.

## II. STANDARD OF REVIEW

The superior court reviews an appeal from the Board's decision de novo, based upon the same evidence as was before the Board. RCW 51.52.115. When the evidence is evenly balanced, the Board's findings and decision "shall be prima facie correct and the burden of proof

shall be upon the party attacking the same." RCW 51.52.115; *see Groff v. Dep't of Labor & Indus.*, 65 Wn.2d 35, 43, 395 P.2d 633 (1964); *Layrite Prods. Co. v. Degenstein*, 74 Wn. App. 881, 887, 880 P.2d 535 (1994). But the superior court may substitute its own findings and decision for the Board's if it finds by a preponderance of the evidence that the Board's findings and decision are incorrect. *McClelland v. ITT Rayonier, Inc.*, 65 Wn. App. 386, 390, 828 P.2d 1138 (1992).

This court's review in a workers' compensation case is limited to examining the record to see whether substantial evidence supports the superior court's findings of fact and whether those findings support the superior court's conclusions of law. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). Substantial evidence is evidence sufficient to persuade a fair-minded person of the declared premise's truth, viewing the record in the light most favorable to the party who prevailed in superior court. *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002); *Panorama Vill. Homeowners Ass'n v. Golden Rule Roofing, Inc.*, 102 Wn. App. 422, 425, 10 P.3d 417 (2000). This court will not review the superior court's credibility determinations on appeal. *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 909, 138 P.3d 177 (2006). Whether the employee proves the existence of a workplace injury that occurred naturally and proximately out of employment is a finding of fact reviewed for substantial evidence. *See Potter*, 172 Wn. App. at 314-16; *Intalco Aluminum*, 66 Wn. App. at 654-55.

### III. SUBSTANTIAL EVIDENCE SUPPORTS THE FINDING OF FACT

Here, the superior court found that Black had a labral tear in his right shoulder that occurred naturally and proximately from his employment with Comcast. Viewing the record in the light most favorable to Black, substantial evidence supports this finding.

Dr. Hung testified by a reasonable medical probability that Black had a labral tear in his right shoulder, which is substantial evidence that Black had a labral tear in his right shoulder. Regarding the question of whether the injury arose naturally from employment, Dr. Hung testified by a reasonable medical probability that pulling heavy cables and lifting heavy equipment caused a labral tear in Black's shoulder. Black testified that as part of his employment with Comcast from 2004 to 2010, Black, who usually worked alone, carried ladders on his shoulder, carried his 25-35 pound tool bag on his right arm and pulled cables with "all [his] might." CP at 112. Black engaged in minimal physical labor while employed at jobs prior to his employment with Comcast and while engaged in nonemployment activities during his employment with Comcast. This is substantial evidence that Black's particular employment conditions at Comcast more probably caused the labral tear than conditions in his everyday life or at his other employment, and thus, is substantial evidence that the labral tear arose "naturally" out of his employment with Comcast.

Regarding the question of whether the injury arose proximately from employment, Dr. Hung's testimony by a reasonable medical probability that pulling with heavy cables and heavy equipment caused a labral tear in Black's shoulder was competent medical testimony showing that the labral tear was probably caused by Black's employment with Comcast. This is

substantial evidence that Black's labral tear arose "proximately" out of his employment with Comcast.

Other medical experts disagreed with Dr. Hung's testimony. But the superior court resolved this disagreement in favor of Dr. Hung, and we defer to the superior court's credibility determination. *Watson*, 133 Wn. App. at 909. This is particularly true because Dr. Hung is the attending physician, whose opinion should receive special consideration. *Intalco Aluminum*, 66 Wn. App. at 654. Thus, substantial evidence supports the superior court's finding that Black had a labral tear in his right shoulder that occurred naturally and proximately from his employment with Comcast. This finding supports the superior court's conclusion that Black had an occupational disease under RCW 51.08.140.[4]

## ATTORNEY FEES

Black requests attorney fees on appeal under RCW 51.52.130(1).[5] RCW 51.52.130(1) states in part:

> If, on appeal to the superior or appellate court from the decision and order of the [B]oard, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, *or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to*

---

[4] Comcast argues insufficient evidence supports Black's claim because Dr. Hung stated that he usually sees labral tears in people doing labor above the shoulder level and there is no evidence that Black performed labor above the shoulder level. But Dr. Hung determined by a reasonable medical probability that Black's pulling of cables and lifting of heavy equipment caused his injury, and we defer to Dr. Hung's determination under the substantial evidence standard. Furthermore, Black's testimony that he pulled cables at a variety of different elevations is substantial evidence that Black sometimes pulled cables above shoulder level.

[5] Comcast does not request attorney fees on appeal.

*relief is sustained*, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

(Emphasis added.) Because a party other than Black appealed and because we sustain Black's right to relief, Black is entitled to attorney fees on appeal.[6] *See Hi-Way Fuel Co. v. Estate of Allyn*, 128 Wn. App. 351, 364, 115 P.3d 1031 (2005).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Maxa, J.

_____
Lee, J.

---

[6] Because we hold that Black is entitled to attorney fees as a prevailing party under RCW 51.52.130(1), we do not consider Black's argument that he is entitled to attorney fees as a prevailing party under RCW 4.84.350.