IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| OSCAR GOMEZ, | ) | No. 78826-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES OF THE STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ANDRUS, A.C.J. — Oscar Gomez challenges a jury's determination that he was intoxicated by alcohol to such an extent that he abandoned his employment, thereby rendering him ineligible for workers' compensation benefits. He contends the trial court erred by refusing three of his proposed jury instructions. Because the given instructions correctly stated the law, did not mislead the jury, and allowed Gomez to argue his theory of the case, we affirm.

FACTS

Gomez filed for workers' compensation benefits with the Department of Labor & Industries (the Department) under the Industrial Insurance Act (IIA) following a collision in which he rear-ended someone while driving a company vehicle back to the company's offices after a landscaping job. The Department

Citations and pin cites are based on the Westlaw online version of the cited material.

denied his claim for benefits, concluding he was not in the course of employment at the time of injury. On appeal, an Industrial Appeals Judge (IAJ) affirmed the Department's order and made findings. The Board of Industrial Insurance Appeals (Board) denied his petition for review, making the IAJ's proposed decision and order final.

Because Gomez does not assign error to the Board's findings, they are the established facts of this case. McDonald v. Dep't of Labor & Indus., 104 Wn. App. 617, 619, 17 P.3d 1195 (2001); Franklin County Sheriff's Office v. Sellers, 97 Wn.2d 317, 324, 646 P.2d 113 (1982). The findings of fact provide:

2. Mr. Gomez worked as a foreman/group leader for Rich Landscaping Nursery for three to four years, loading work trucks, driving co-workers to the worksite, and then assisting with raking, cleaning, leaf blowing, and other landscape related tasks.

3. On December 21, 2015, Mr. Gomez consumed alcohol during his lunch break. He worked for approximately 2.5 hours and then drove a vehicle to transport himself and co-workers. During this trip, with Mr. Gomez at the wheel, he was involved in a vehicle collision while traveling from Everett, Washington, to Redmond, Washington, on a route that was not approved by his employer.

4. Just before the collision, Mr. Gomez was spotted by a passenger in another vehicle, weaving in and out of traffic. Mr. Gomez cut off this other vehicle, causing the driver to slam on his brakes to avoid collision. Other motorists slammed on their breaks as well to avoid colliding with Mr. Gomez, as his truck slipped in front of them too.

5. After the collision, two samples of Mr. Gomez's breath showed he had blood-alcohol concentration measuring .192 and .186, respectively.

6. At the time of the trip, Mr. Gomez was intoxicated by alcohol to such an extent that he abandoned his employment.

7. Mr. Gomez did not sustain an industrial injury in the course of employment with Rich Landscaping Nursery.

Gomez appealed the Board's decision to King County Superior Court. The superior court instructed the jury as to the Board's material findings of fact, as stated above. It also gave the following instructions relevant to this appeal:

INSTRUCTION NO. 6

The findings and decision of the Board of Industrial Insurance Appeals are presumed correct. This presumption is rebuttable and it is for you to determine whether it is rebutted by the evidence. The burden of proof is on Oscar Gomez to establish by a preponderance of the evidence that the decision is incorrect.

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a "preponderance" of the evidence, or the expression "if you find" is used, it means that you must be persuaded, considering all the evidence in the case, that the proposition on which that party has the burden of proof is more probably true than not true.

INSTRUCTION NO. 7

Mr. Gomez claims the findings and decisions of the Board are incorrect that:

1. At the time of the trip [between the jobsite and the employer], Mr. Gomez was intoxicated by alcohol to such an extent that he abandoned his employment.

2. At the time of the trip [between the jobsite and the employer], Mr. Gomez was not in course of employment. [sic]

3. The Department order dated April 14, 2016, is correct and is affirmed.

INSTRUCTION NO. 10

Before this claim can be allowed, Oscar Gomez must prove that he was "acting in the course of his employment" as a worker with Rich Landscaping on December 21, 2015.

A worker was "acting in the course of employment" if, at the time of the alleged injury, he was engaged in the performance of duties required by his employment, or at the specific direction of the

- 3 -

employer or in the furtherance of the employer's business, which shall include time spent going to and from the jobsite.

## INSTRUCTION NO. 11

A worker's actions may constitute abandonment of employment. A worker otherwise acting in the course of employment deviates and departs therefrom during such time as the worker engages in a course of action which is entered into for the worker's own purposes and which is neither incident to employment or in furtherance of the employer's interests. A worker in-the-course-of-employment generally remains within the course of employment during the typical work-hours, while on the [jobsite] or sites.

A worker may be acting in the course of his employment even though he may be under the influence of intoxicating liquor. Intoxication can lead to abandonment of employment when the worker has become so intoxicated that the worker abandons employment.

Gomez did not object to any of these instructions.

The jury found the Board was "correct in deciding that at the time of the trip [between the jobsite and the employer,] Oscar Gomez was intoxicated by alcohol to such an extent that he abandoned his employment[.]" Gomez appeals the jury's verdict.

## ANALYSIS

Gomez does not challenge the court's instructions to the jury. Instead, he argues the superior court erred when it refused to give his requested jury instructions regarding the burden of proof for abandoning employment and the relevance of fault and waiver for IIA appeals. We address each requested instruction below.

A. Standard of Review

For workers' compensation appeals, the superior court holds a de novo hearing but does not hear any evidence or testimony other than that included in the Board record. McDonald, 104 Wn. App. at 621. The Board's findings and decisions "shall be prima facie correct[,] and the burden of proof shall be upon the party attacking the same." RCW 51.52.115. Thus, the superior court may only reverse the Board's findings and decision if Gomez, as the appellant, shows by a preponderance of the evidence that the findings and decision were erroneous. Dep't of Labor & Indus. v. Rowley, 185 Wn.2d 186, 200, 378 P.3d 139 (2016).

The ordinary civil standards of review govern appeals from superior court decisions in industrial insurance cases. RCW 51.52.140. Appellate courts review jury instructions to determine whether they properly stated the law, were not misleading, and allowed each party to argue its theory of the case. Spivey v. City of Bellevue, 187 Wn.2d 716, 738, 389 P.3d 504 (2017). The abuse of discretion standard governs review of a trial court's decision to decline to give a requested instruction. See Petersen v. State, 100 Wn.2d 421, 440, 671 P.2d 230 (1983); McDonald, 104 Wn. App. at 627. Because Gomez does not assign error to any of the instructions that the trial court gave, we review the trial court's decision to deny his requested instructions for an abuse of discretion.

B. Abandonment

Gomez argues the trial court erred when it denied his instruction stating that the Department bore the burden to prove that he was not acting in the course of employment when he was injured. This argument lacks merit.

In Washington, an injured worker's right to benefits is statutory. An employee shall receive benefits for an injury only if it occurs "in the course of employment." RCW 51.12.010. "While the act should be liberally construed in favor of those who come within its terms, individuals who apply for benefits are held to strict proof of an injury in the course of employment." Knight v. Dep't of Labor & Indus., 181 Wn. App. 788, 796, 321 P.3d 1275 (2014). "Generally, intoxication is a defense to paying benefits when the claimant has become so intoxicated that he abandons his employment." Id. at 797-98.

At the Board, when a party appeals a Department order, it must make a prima facie case that the Department's decision was incorrect. RCW 51.52.050(2)(a). The appealing party satisfies this burden "by showing (1) injury in the course of employment and (2) that the Department's order is unsupported by sufficient evidence." Rowley, 185 Wn.2d at 201-02.

Thus, as a matter of law, Gomez bore the burden before the Board to show that his injury was in the course of employment. Id. Gomez failed to make that showing, and the Board affirmed the Department's order denying benefits. Then, again as a matter of law, at the superior court it was Gomez's burden to show the Board's decision—that he was not acting in the course of employment—was incorrect. RCW 51.52.115; Knight, 181 Wn. App. at 798, 802 (employee "had the burden to show that, at the time of his injury, he had not distinctly departed from the course of his employment by becoming intoxicated"). Gomez's requested instruction read, "The Department has the burden to show that a worker in the course of employment has abandoned employment." This instruction misstates

the well-established burden of proof, and the trial court did not abuse its discretion by refusing to give an instruction that would have been an incorrect statement of the law.

Gomez relies on <u>Rowley</u> to argue that he cannot prove a negative, i.e., that he abandoned his employment. His reliance on <u>Rowley</u> is misplaced. In that case, our Supreme Court addressed two separate issues. The first was whether the Department bears the burden of proof when denying a claim under RCW 51.32.020[1] because the worker was committing a felony at the time of injury. <u>Rowley</u>, 185 Wn.2d at 201. It held the burden of proof under the felony payment bar falls to the Department. <u>Id.</u> "Common sense dictates that a worker should not be required to prove a negative—noncommission of a felony—in order to obtain benefits under the IIA." <u>Id.</u> at 205.

But the court addressed a second issue—whether the claimant bears the burden of proving the Department's decision to apply the felony payment bar is incorrect on appeal to the Board. <u>Id.</u> at 206. It concluded that the only viable interpretation of RCW 51.52.050(2)(a), the statute governing appeals to the Board from Department orders, is to require the worker to show both injury in the course of employment and insufficient evidence to support the application of the felony payment bar. <u>Id.</u> at 208. It reached this conclusion, in part, based on the language

---

[1] "If injury or death results to a worker . . . while the worker is engaged in the attempt to commit, or the commission of, a felony, neither the worker nor the widow, widower, child, or dependent of the worker shall receive any payment under this title. . . ."

in RCW 51.52.115,[2] the statute governing appeals from the Board to the superior court, which places the burden of proof "squarely on the appellant." Id. at 207.

While Rowley held the Department bears the burden of proof of the felony payment bar before the Board, the case did not change the burden of proof for establishing that an injury occurred in the course of employment. It reaffirmed that, in cases such as this, workers challenging Board decisions bear the burden of proving their injuries occurred in the course of employment. Id. at 200-02; see, e.g., Robinson v. Dep't of Labor & Indus., 181 Wn. App. 415, 424-26, 326 P.3d 744 (2014); Knight, 181 Wn. App. at 802; Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus., 19 Wn. App. 800, 804, 578 P.2d 59 (1978).

We conclude the trial court did not abuse its discretion by denying Gomez's proposed instruction on abandonment.

C. Negligence

Next, Gomez argues the trial court erred by denying his negligence instruction—"The [IIA] allows compensation regardless of any consideration of fault. Therefore, in resolving the issues before you[, you] are not to consider fault or negligence of the worker as how it affects his rights under [the IIA]." See Washington Pattern Jury Instruction (WPI)[3] 155.05.

Gomez cites to RCW 51.04.010 for the proposition that fault is not a consideration. App. Br. at 6. He quotes only a portion of this statute:

---

[2] "In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same."

[3] 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 155.05 (7th ed. 2019) (WPI).

- 8 -

> The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

RCW 51.04.010. But this selective quoting ignores the first sentence of the statute, which makes it clear that the IIA addresses "injuries received <u>in employment</u>." <u>Id.</u> (emphasis added).

The issue the jury was asked to decide was whether the Board was correct when it found that Gomez was not acting in the course of employment at the time of his injury. The court's instructions gave the jury detailed guidance about what factors to consider, and nothing in the instructions suggested that negligence was an issue. The instructions allowed Gomez to argue that any question of negligence was immaterial, as negligence was not identified as a factor in the relevant instructions.

Instruction 10 informed the jury that Gomez must prove he was acting in the course of employment at the time of the injury and explained what action would constitute "acting in the course of . . . employment." And Instruction 11 explained the actions that would require finding that Gomez abandoned his employment. Based on the question presented to the jury, negligence was simply not at issue. The trial court did not abuse its discretion in concluding that Gomez's requested instruction could have misled the jury.

The mere fact that a proposed instruction is legally correct does not mean that it is an abuse of discretion not to give it. See Gammon v. Clark Equip. Co., 104 Wn.2d 613, 617-18, 707 P.2d 685 (1985). It is true that negligence is not an issue under the IIA. But even the comment to WPI 155.05 provides, "This instruction may not be applicable in all cases. For example, in a case in which aggravation is asserted subsequent to an award, the reasonableness of the claimant's conduct after the award may become an issue. See McDougle v. Dep't of Labor & Indus., 64 Wn.2d 640, 393 P.2d 631 (1964)." As the trial judge commented, he did not want the jury to think that Gomez's conduct was irrelevant. Here, while negligence was not at issue, the nature of Gomez's conduct was, because the outcome of the case depended on whether Gomez was so intoxicated that he was no longer furthering his employer's interests.

Furthermore, the instructions that were given allowed Gomez to argue his theory of the case—that even though he was intoxicated at the time of the injury, he was performing work for his employer and his claim should be allowed.

Because Gomez's proposed instruction could have confused the jury and he was able to argue his theory of the case without it, it was not an abuse of discretion to decline to give it.

D. Waiver

Lastly, Gomez argues the trial court erred by denying his proposed instruction regarding waiver of IIA benefits.

First, RAP 9.6(b)(1)(G) provides that the "clerk's papers shall include, at a minimum[,] any jury instruction given or refused that presents an issue on appeal."

- 10 -

(Emphasis added.) Gomez did not designate his proposed jury instructions in the clerk's papers, instead, leaving it to this court to search through the jury instruction conference in the report of proceedings for the relevant language. While the first two proposed instructions were stated verbatim in the jury instruction conference, Gomez's proposed waiver instruction was not. The trial court read into the record, "employer's policy about drinking on the job, or employee intoxication, has no [e]ffect on the rights provided workers." It was unclear, however, if this was the entirety of the instruction. Nevertheless, it appears that Gomez would have been satisfied with the wording of the statute from which he derived his proposed instruction. Therefore, we review that language as though it was Gomez's final proposed and refused instruction.

RCW 51.04.060 provides, "No employer or worker shall exempt himself or herself from the burden or waive the benefits of . . . [the IIA] by any contract, agreement, rule or regulation, and any such contract, agreement, rule or regulation shall be pro tanto void." As the trial judge noted, the employer did not try to exempt themselves from IIA coverage and, therefore, this proposed instruction was irrelevant.

Instead, the employer had a policy related to drinking on the job, and whether Gomez violated that policy was an additional factor to consider in determining whether Gomez was acting in the course of employment. Instruction 10 defined "acting in the course of employment" as performing duties as required by employment, or at the direction of the employer, or in the furtherance of the employer's business. That Gomez failed to comply with company policy about

- 11 -

alcohol goes to the question of whether he was acting in the course of employment and does not implicate improper waiver of IIA benefits. And Gomez could argue, based on the instructions the court gave, that the employer's testimony about its company policies did not take Gomez out of the course of employment. Therefore, as with Gomez's proposed negligence instruction, the trial court did not abuse its discretion in denying an instruction that could have misled the jury when Gomez was otherwise able to argue his theory of the case.

    Affirmed.

Andrus, A.C.J.

WE CONCUR: